FRANCIS GANET and WILLIAM A. WHEELER, Plaintiffs in Error,

*vs.*

WILLIAM A. MEARS and WILLIAM RIPLEY, Defendants in Error.

ERROR TO THE CIRCUIT COURT OF DANE COUNTY.

A judge, under the statute providing that the plaintiff in a suit against several, may discontinue the same as to one or more of the defendants, has no discretion as to the costs to be paid by the plaintiff.

The plaintiff has the right to discontinue as to any defendant upon the payment of costs to him only, up to the time of discontinuance.

The phrase "other terms," spoken of in the statute, has reference to the time of going to trial, continuance of the cause, amendment of pleadings, &c., over which the court has full discretion, but not to additional costs.

The term "judgment," as used in *section* 228, *chapter* 88, *Revised Statutes*, providing that the recognizance of the appellant from a judgment of a justice of the peace shall be in the double amount thereof, does not include costs.

A recognizance entered into by a party appealing from the judgment of a justice, before another justice, who certifies in due form that the same was approved by the opposite party, is sufficient.

THIS was an action of assumpsit commenced by the plaintiffs in error, before P. S. Rider, a justice of the peace for the county of Dane, against the defendants in error. The declaration was upon a special contract for flouring one hundred bushels of wheat, at a certain price per bushel, and the common counts for work and labor, &c., to which declaration the defendants pleaded the general issue. On the 26th of March, 1855, the cause was tried, and plaintiffs recovered judgment against the defendants for $28.88 damages, and $12.53 costs of suit.

From this judgment, the defendants appealed to the Circuit Court of Dane county.

The plaintiffs in error at the November term of the said Circuit Court, on the 8th day of November, 1855, filed a motion to dismiss the appeal, for the reasons: first, that the recognizance for the appeal was not approved by the justice before whom the

judgment was rendered; secondly, that the said recognizance is not in double the amount of the judgment rendered before the justice, and for other defects.

The recognizance for appeal, entered into by the defendants below, was in the sum of eighty dollars, and executed in the usual form by the defendants and L. W. Hoyt, to the plaintiffs, and taken and acknowledged before Wm. N. Seymour, a justice of the peace for Dane county, March 30, 1855. On the back of the recognizance, was the following indorsement, viz:

"*Dane County, ss:*

"I, William N. Seymour, do hereby certify, that I did on this 30th day of March, 1855, after the execution of the within bond by the parties and L. W. Hoyt, present the same to Vilas, Roys & Pinney, the attorneys of the plaintiffs, and they did consent to the surety and to the within bond, as being good and sufficient, and approved of the same.

"Given under my hand this 30th day of March, 1855.

"WM. N. SEYMOUR, *Justice of the Peace.*"

On the 13th day of November, 1855, at the same term of the Circuit Court, the motion to dismiss the appeal of the defendants was argued, and the court thereupon ordered that said motion be overruled and denied, to which decision the plaintiffs, by their counsel, then and there excepted.

The case then came on for trial in its regular order, and was tried upon the issue joined before the justice of the peace.

After the plaintiffs had rested their case, the defendants introduced evidence tending to show that the defendant William A. Mears was the only party liable in respect to the matters alleged against defendants in the plaintiffs' declaration, and showing that the defendant Ripley was not liable to the plaintiffs as a joint debtor.

After the evidence had all been given to the jury, and before the argument of the cause, the plaintiffs made and filed a motion to discontinue the suit as to the defendant William Ripley, and to permit the same to proceed as to the other defendant, William A. Mears, on terms to be imposed by the court.

This motion was then argued by counsel for the parties, and the court on consideration thereof, did order that the same should be granted on the payment of all costs up to that time,.

Ganet and Wheeler vs. Mears and Ripley.

with leave to the remaining defendant to answer the amended declaration, within twenty days after notice of such amendment, and that said cause should be continued to the next term of the court. The plaintiffs, by their counsel, then and there excepted to the ruling of the court and the terms imposed, in case the motion should be granted, and by leave of court withdrew the said motion, and proceeded with the cause, which then was argued to the jury, and on the 14th day of November, 1855, the jury returned a sealed verdict, finding that the plaintiffs had no cause of action against the defendants, and judgment for costs was rendered accordingly by the court in favor of the defendants.

To reverse this judgment the present writ of error is brought.

*Vilas, Roys & Pinney*, attorneys for plaintiff in error.

*Abbott, Clark & Coit*, attorneys for defendants in error.

*By the Court*, COLE, J.  We are of the opinion that there was error in the ruling of the Circuit Court, in requiring that the plaintiffs should pay all costs up to the time of granting the motion of discontinuance as to the defendant Ripley. *Section* 18, *chap.* 100, *R. S.* provides that, " where any action founded on contract is brought against several persons, the plaintiff may be allowed, at any time before the cause is argued to the jury, and if there is no such argument, at any time before it is committed to the jury by the court, to discontinue as against any of the defendants, upon *payment of the costs to them*, as in case of a nonsuit, and on such other terms as the court shall direct; and the plaintiff may thereupon amend his declaration, and proceed against the other defendants in like manner as if the action had been originally brought against them alone," &c.

We do not think that this statute gives the Circuit Court any direction upon the question of costs. By it the plaintiff has the right to discontinue as to any defendant upon payment of costs to him, as in case of nonsuit, and submitting to such other terms as the court shall direct. The " other terms " spoken of in the statute, have reference, we think, to the time of going to trial, the continuance of the cause, amendment of the pleadings, &c.,

over which the court has full discretion, and can impose such terms as it deems reasonable and proper. The object of the statute is to provide a remedy against the consequences of the joinder of too many defendants in an action. It is a remedial statute and should be liberally construed, so as to effectuate as fully as possible the purpose of the legislature. Now, to hold that a party could only discontinue upon paying the costs to all the defendants, and complying with other terms which may be imposed by the court, would be giving the statute a forced construction as well as rendering it of little utility.

A question was made as to the sufficiency of the recognizance for an appeal. We are of the opinion, however, that the recognizance was sufficient, and that the Circuit Court properly overruled the motion to dismiss the appeal upon that ground. It was objected that the recognizance was not in double the amount of the judgment *and costs;* but the term *judgment* as used in *section* 228, *chap.* 88, *Rev. St.,* does not include costs. It is quite obvious from this, as well as other provisions of the same statute, that the term judgment cannot include costs. See *sections* 169, 170, 192, 214, *chap.* 88, *Rev. St.*

The judgment of the Circuit Court is reversed, and new trial ordered.