JOHN KEARNEY, Plaintiff in Error,

*vs.*

EDWIN ANDREWS, Survivor, &c., Defendant in Error.

ERROR TO RACINE CIRCUIT COURT.

It is not necessary that an affidavit for appeal from a judgment of a justice of the peace should be entitled of the cause and court. If it substantially conform to the statute, and properly describe the parties to the suit, it is good by relation to the other papers which are properly entitled, and is sufficient.

If the recognizance for appeal from a judgment of a justice of the peace be in a sum not less than fifty dollars, and double the amount of the judgment, exclusive of costs, it is sufficient.

ACTION of trover commenced before a justice of the peace of Racine county, by Edwin Andrews, survivor, &c. vs. John Kearney: The plaintiff obtained judgment for $100 damages and $6.15 costs, and Kearney attempted to appeal. The recognizance was in the sum of $200, and in the usual form, and the principal question raised was upon the sufficiency of the affidavit for appeal, which was as follows:

" *State of Wisconsin, Racine county, ss.* Nelson Millett, being duly sworn, says that he is one of the attorneys for John Kearney in the case of Edwin Andrews, survivor, &c., of David Andrews, deceased, vs. John Kearney, in which suit a judgment was rendered against the said John Kearney: that the said Nelson Millett makes this oath in behalf of the said John Kearney, and says that an appeal is taken in said cause in good faith, and not for the purpose of delay.

" Subscribed and sworn, &c."

At the May term, 1855, of the Circuit Court, the plaintiff filed a motion to quash the appeal for the following reasons:

1. Because the affidavit is not entitled, and is otherwise insufficient.

2. The bond is not in pursuance of the statute.

3. No appeal was taken in pursuance of the statute.

This motion was sustained by the court, and the appeal dismissed for want of jurisdiction.

*J. C. Paine*, for the plaintiff in error.

*J. W. Carey*, for the defendant in error.

*By the Court*, COLE, J. This suit was commenced by Andrews vs. Kearney, before William S. Rice, a justice of the peace for the city and county of Racine. The justice, upon the trial, rendered a judgment in favor of Andrews for $100 damages, and $6.15 costs of suit. Within the time required by the statute, the attorney of Kearney made and filed an affidavit and recognizance for an appeal. The appeal was allowed, and the papers in the cause transmitted to the Circuit Court. On the 4th of May, 1855, Andrews filed his motion in the Circuit Court to dismiss the appeal for the following reasons:

1. Because the affidavit is not entitled, and is otherwise insufficient.

2. The bond is not in pursuance of the statute.

3. No appeal was taken in pursuance of the statute.

The motion was granted, and the appeal dismissed. To reverse that judgment the cause has been brought to this court by writ of error.

The objection taken to the affidavit for appeal is, that it is not properly entitled *in the cause*, and *in the court* in which the suit was pending. In the body of the affidavit the parties to the suit are correctly described, and we deem that entirely sufficient. *Ex parte Metzer*, 5 *Cow. R.* 287.

The affidavit is not entitled in the justice's court, although the jurat shows that it was made before the magistrate who tried the cause, and it was transmitted to the Circuit Court with the other papers in the case. The affidavit is likewise, substantially in the language of the statute, " that an appeal is taken in said cause in good faith, and not for the purpose of delay." The

question arises, is the omission to entitle the affidavit in the justice's court a fatal objection to it? All are aware, that affidavits for appeals are not generally drawn by professional men, and we do not desire to insist upon a strictness and technicality in respect to them, not consistent with the letter and spirit of the statute, and the substantial administration of justice. The object of the legislature, in requiring the affidavit, was to prevent, so far as an appeal to men's consciences would do so, vexatious litigation and the multiplication of appeals for the mere purpose of delay. Hence the party must swear that his appeal is made in good faith, and not for the purpose of delay. *Subdv.* 1, § 228, *chap.* 88, *R. S.* The general rule in regard to the entitling of affidavits undoubtedly is, that they should be regularly entitled in the court in which they are made or intended to be used. 2 *Archb. Pr.* 899; 3 *Chitt. Pr.* 538; 2 *Burrl. Pr.* 342. And the reason generally assigned for the rule is, that the affidavit must be correctly entitled, so that an indictment for perjury will lie upon it if false. The test for the sufficiency of the affidavit is said to be, whether the party making it could be indicted for perjury, if the matter stated therein were false. *Quarles vs. Robinson,* 1 *Chand. R.* 29, *note; Haight vs. Turner,* 2 *J. R.* 370; *The matter of Bronson et al.,* 12 *id.* 460, *note; Humphreys vs. Concle et al.,* 2 *Cow.* 509. Now, I am of the opinion that perjury might be assigned upon this affidavit if it were possible to show that the appeal was not taken in good faith; but for the purpose of delay. It seems to me, that by proper averments in the indictment, it might be shown that the affidavit was made in a cause in the justice's court. It has been held that an affidavit, not itself entitled, but following or indorsed upon papers which are properly entitled, is good by relation to the principal papers. 4 *Hill,* 597. It appears to me that this case is clearly distinguishable from the cases where the affidavit is wrongly entitled, in a suit or court, or parties, or where it is entitled in a cause not at the time pending in court. In these latter cases there must, of necessity, be a variance between a proper averment in the indictment, and the evidence offered to sustain it. In the case of *Yard vs. Bodine* (3 *Harr. R.,*

*N. J.*, 490), it was held by C. J. Hornblower, in an able opinion, that if it appeared by the transcript of the justice that an affidavit had been filed for an appeal in words or in substance as required by the statute, it was sufficient, although the affidavit was not entitled in the cause, and it did not appear upon the face of it in what action it was made. He thought perjury might be assigned upon such an affidavit, if untrue. But that is pushing the doctrine to a much greater extent than it is necessary to do in order to sustain this affidavit. *The King vs. Eniden*, 9 *East*, 445.

The objection to the recognizance is, that it is not in a sum double the amount of the damages recovered and costs of suit, and therefore is not in compliance with the statute. In the case of *Ganet vs. Mears* (4 *Wis. Rep.* 306), decided at the last term, we had occasion to put a construction upon subdivision 2, of section 228, of chapter 88, of the Revised Statues, and we were of the opinion that the recognizance need not be in double the amount of debt or damages and costs of suit. The term judgment, as there used, does not necessarily include costs; and if the recognizance is not less than $50, and double the amount of the judgment rendered, exclusive of costs, it is sufficient. The language of this section might perhaps warrant a different construction; but looking at other provisions of the statute, and the use of the word "judgment" therein, we were led to the conclusion that costs were not to be considered a part of the judgment. The recognizance must be in a sum of $50 at least, even though the damages and costs in the court below are less than $25. It will be observed that where a cause is taken up by certiorari, the statute requires the recognizance to be double the amount of the judgment *and costs* recovered before the justice, a change in the language of the statute difficult to be accounted for, unless our construction of the section under consideration be adopted.

We are of the opinion that the Circuit Court erred in dismissing the appeal.

Judgment reversed and cause remanded for further proceedings.