THE FILER & STOWELL COMPANY (LIMITED), Respondent, vs. SOHNS, Appellant.

*April 2 — April 28, 1885.*

*Justices' courts: Appeal: Affidavit.*

1. An affidavit of appeal at the foot of a properly-entitled notice of appeal and unmistakably referring to it, is sufficient though not itself entitled in the action.

2. An affidavit that "this appeal is in good faith," is a substantial compliance with the statute requiring an affidavit "that the appeal is *made* in good faith."

APPEAL from the County Court of *Milwaukee* County.

This action was brought before a justice of the peace and resulted in a judgment for the plaintiff. The defendant thereupon appealed to the county court. The notice of appeal is in due form, and is entitled in the action. At the foot of it is an affidavit in the following form: "*Henry Sohns* being duly sworn says that he is the defendant above named, and makes this affidavit on his own behalf; that this appeal is in good faith, and not for the purpose of delay." Such affidavit has the proper venue, is subscribed by the defendant, and a proper jurat is annexed thereto. The county court, on motion of the plaintiff, dismissed the appeal for the alleged insufficiency of such affidavit. The defendant appeals to this court from the order dismissing his appeal.

For the appellant the cause was submitted on the brief of *Chas. M. Bice.*

For the respondent there was a brief by *Flanders & Bottum,* and oral argument by *Mr. Flanders.*

LYON, J. The only objections made to the sufficiency of the affidavit of appeal are (1) that it is not entitled in the action; and (2) that it does not state, as required by sec.

3754, R. S., that "the appeal is *made* in good faith," but only "that this appeal is in good faith,"— the word "made" being omitted therefrom. The affidavit, although not entitled in the action, unmistakably refers to the notice of appeal which is so entitled. Such is the necessary signification of the words therein, "that he is the defendant above named." This brings the case within the rule of *Kearney v. Andrews*, 5 Wis. 23, and cures the omission of an entitling.

It is difficult to treat the second objection seriously, although the learned counsel argued it with much earnestness and apparent sincerity. The omission of the word "made" does not change the affidavit or obscure its meaning in the slightest degree, and no one has any right to be misled by it. When the affiant deposed that "this appeal is in good faith," he deposed in substance and effect that "this appeal is made in good faith." The difference between this case and the case of *Evangelical L. St. P. Gemeinde v. Koehler*, 59 Wis. 650, relied upon to sustain the dismissal of the appeal, is, in that case, the notice of appeal was defective in substance, while here the alleged defects are purely formal and immaterial.

*By the Court.*— The order of the county court dismissing the appeal from the judgment of the justice is reversed, and the cause will be remanded for further proceedings according to law.