## NOALL, Respondent, vs. HALONEN, imp., Appellant.

*February 24 — March 21, 1893.*

*Appeal from justice's court: Sufficiency of notice.*

1. The notice of appeal from a justice's court is sufficient when it identifies the party appealing and the cause in which and judgment from which the appeal is taken.
2. In such a notice the spelling of plaintiff's surname Noel instead of Noall, and of a defendant's given name as Manuel instead of Emanuel, and describing the judgment as for $162.02 damages and $5.50 costs, when the total amount including costs was $162.02, are *held* immaterial variances.

APPEAL from the Circuit Court for *Florence* County. This action was commenced in justice's court, November 24, 1891, by the personal service of the summons upon the defendants, Carlson, *Halonen,* and Anderson. On the return day, December 3, 1891, no one appearing for any of the defendants, the plaintiff filed his complaint, alleging

that between September 16, 1891, and November 24, 1891, inclusive, the plaintiff sold and delivered to the defendants, on account, at their request, goods, wares, and merchandise at the agreed price of $150.57, and which were reasonably worth that sum. Thereupon judgment was entered in favor of the plaintiff and against the defendants for said sum, together with $11.45 costs, making a total of $162.02. On December 19, 1891, the appellant delivered and filed with the justice a notice of appeal, which, omitting the title, was as follows, to wit:

" *To Robert Mitchell, Esq., Justice of the Peace:* Take notice that the below-named defendant hereby appeals to the circuit court for said county of Florence from the judgment rendered in this action before Robert Mitchell, Esq., the said justice of the peace, on the 3d day of December, A. D. 1891, in favor of the above-named *William Noel* and against the above-named *Leo Halonen et al.* for one hundred and sixty-two 02-100 dollars damages and five 50-100 costs.

"Dated December 19th, A. D. 1891.

" Leo Halonen, Defendant,

" By Julius J. Patek, His Agent."

At the same time the appellant filed with said justice the usual affidavit for such appeal. The justice thereupon returned said cause to the circuit court, and May 18, 1892, said cause, being on the calendar, was by order of the court stricken therefrom, for the reason that no issue had been joined therein; and it was ordered that the defendant have leave to file and serve an answer to the complaint in said cause. Such answer was filed and served June 1, 1892. Said cause was thereupon noticed for trial at the September term of said court for 1892. On August 31, 1892, the plaintiff obtained an order from the county judge, requiring the appellant to give security for costs on said appeal, and served a copy thereof on the appellant's attorney. On

Noall vs. Halonen.

September 20, 1892, the circuit court ordered that said appeal be and the same was thereby dismissed, with costs, and it was further ordered that all the papers in the case be transmitted to said justice.   From said order or judgment of dismissal the said *Halonen* appeals.

For the appellant there were briefs by *John O' Hara,* attorney, and *Julius J. Patek* and *E. E. Bryant,* of counsel, and oral argument by *E. C. Eastman* and *Mr. Patek.*

For the respondent there was a brief by *William H. Clark,* and oral argument by *F. W. Hall.*   To the point that the notice is fatally defective, they cited *Chinnock v. Stevens,* 23 Wis. 398; *Pettingill v. Donnelly,* 27 Minn. 332; *Morris v. Brewster,* 60 Wis. 229, 231; 2 S. & B. Ann. Stats., p. 1998, note.

CASSODAY, J.   It appears that before the expiration of the time for giving security for costs as ordered by the county judge, the appellant's counsel· moved the circuit court to set aside and vacate the order, and argued the same at length.   The plaintiff's attorney, without argument, thereupon in open court temporarily waived the matter of security, and moved to dismiss the appeal on the ground of variance between the judgment in the justice's court and the notice and affidavit of appeal therefrom; and the appeal was dismissed on that ground. The question presented is whether such dismissal was proper or improper.   The mere fact that the plaintiff's surname in the notice of appeal is spelled "*Noel*" instead of "*Noall*," as in the summons, complaint, and other papers in the case, we regard as an immaterial variance.   The pronunciation is substantially identical, and that is sufficient.   *State v. Lincoln,* 17 Wis. 579; *Colburn v. Bancroft,* 23 Pick. 57; *Comm. v. Stone,* 103 Mass. 421; *State v. Witt,* 34 Kan. 488.   For numerous cases illustrating the rule as to *idem· sonans,* see 24 Alb. Law J. 444.   For the same reason, the mere fact that the

given name of the defendant Carlson is spelled in the notice of appeal "Manuel," instead of "Emanuel," as in the summons, complaint, and other papers in the case, must be regarded as an immaterial variance. We perceive no substantial reason for requiring the several names of the respective parties to be restated in the body of the notice when, as here, they are fully stated in the title of the cause. The amount of the judgment is correctly stated in the notice. True, such amount is designated therein as "damages," and then an additional amount is named therein as costs, but such variance is not sufficiently substantial to deprive the circuit court of jurisdiction. Under the repeated adjudications of this court, the notice of appeal is sufficient when it identifies the party appealing and the cause in which and the judgment from which the appeal is taken. *Filer & Stowell Co. v. Sohns*, 63 Wis. 118; *Schweppe v. Wellauer*, 76 Wis. 19; *Friemark v. Rosenkrans*, 81 Wis. 359.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.