BOYCE and another, Ex'rs &c., vs. FOOTE, Adm'r &c.

The presentation to a county court of a note made by a decedent, for allowance against his estate, is the commencement of an action, within the meaning of the statute of limitations.,

The county court may properly hear and allow a claim against the estate of a decedent, after the time limited for the hearing of such claims by the commissioners appointed for that purpose has expired, where the claimant shows that he failed to present his claim to the commissioners for the reason that he had no notice or knowledge of their appointment.

Where an appeal is taken from the decision of commissioners or the county court, allowing or disallowing a claim against the estate of a deceased person, the statute makes it the duty of the party appealing to file in the circuit court a certified copy of the record of the allowance or disallowance, which becomes a part of the record in that court.

Where such certified copy and the finding of the circuit court, show that the note

on which the disallowed claim was founded had not been barred by the statute of limitations, a judgment rendered against the plaintiff on that ground will be reversed, although there is no bill of exceptions.

A note which was not barred by the statute of limitations at the time of the death of the maker, was presented to the county court for allowance more than six years after it fell due, but less than a year after administration was granted on the maker's estate. *Held,* that it was not barred by the statute.

Whether sec. 30, ch. 138, or sec. 8, ch. 147, R. S., would apply to determine the time within which such a claim should be presented to the commissioners or county court, it was not necessary to determine in this case.

APPEAL from the Circuit Court for *Jefferson* County.

This was an appeal from a judgment of the circuit court in favor of the defendant, on an appeal to that court from a decision of the county court of said county disallowing a claim of the plaintiffs as executors of the last will of Samuel Griggs, against the defendant as administrator of the estate of Asa Foote. The claim was upon a joint and several note executed by said Asa Foote and another to said Griggs or bearer. The circuit court found as facts: 1. That Asa Foote executed the note, and was indebted upon it in the sum of about $600 at the time of his death. 2. That he died August 1, 1861, and administration on his estate was granted October 4, 1861, and commissioners were appointed at the same time. 3. That the note was presented against said estate within less than a year from the granting of said administration. As a conclusion of law the court held that the note, when presented to the county court, was barred by the statute of limitations; and rendered judgment accordingly.

It appears from a certified copy of the papers on file in the county court relating to said claim, (which copy forms a part of the papers sent to this court from the circuit court), that the note in question was executed in April, 1856, and payable on the 1st of June following. A petition was presented to said county court by the plaintiffs, as executors of the last will of said Griggs, stating that as such executors they were the legal holders of said note; that the amount appearing to be due by the face of the note and an indorsement of part

payment, was a valid and subsisting claim against the estate of said Foote, and was unpaid; and that it had not been presented to the commissioners appointed to adjust claims against said estate, for the reason that no notice had been given to or received by said executors of the limiting of a time for presenting said claims, or of the appointment of commissioners to examine and adjust the same. The only ground upon which the county court rejected the claim was, that the note was barred by the statute of limitations. It does not appear that any exceptions were taken in the circuit court by the appellant. The order for judgment appears, by the indorsement thereon, to have been filed on the 13th of February, 1863. The appeal was perfected December 30, 1864.

*Daniel F. Weymouth*, for appellant.

*L. B. Caswell*, for respondent, contended that it did not appear from the record that the appeal was taken within two years after the judgment was rendered. 2. That the evidence of the death of Asa Foote, and of the time of it, of the appointment of the commissioners, with the note itself and proof of the amount due on it, should all have been embodied in a bill of exceptions; and exceptions should have been taken to the finding of the court and its conclusions of law. 3. Sec. 2, ch. 101, R. S., provides that when commissioners are appointed, notice of their meeting may be given by publication, or in any other manner the court may direct. Sec. 14 provides that where publication is made, persons having claims must present them within the time allowed by the commission, or be forever barred. Publication having been made by the commissioners in this case, the appellant's note was barred, and the county judge ought not to have allowed them a hearing. 4. The note was barred by the statute of limitations. There is nothing in the statute that makes the death of a maker abate the running of the statute upon a note; and when the statute begins to run, nothing but a positive enactment could arrest it. 13 Wend., 268. When commissioners are appointed, no ac-

*tions* on notes or accounts can be commenced against an executor or administrator.    The only remedy is by application to the commissioners.    Secs. 15 and 62, ch. 101, R. S.    Consequently sec. 30, ch. 138, and sec. 8, ch. 147, prohibiting the commencement of *actions* for a period of time after the death of a party, have no reference to notes or accounts, but relate to suits for the recovery of real estate, personal property, &c., defined in said sec. 15.

*By the Court,* COLE, J.    It is objected in this case that the appeal was not taken within two years from the entry of the judgment.    The record does not show very distinctly the precise time when the judgment was rendered.    The order for judgment signed by the circuit judge was filed on the 13th of February, 1863, and it is quite apparent from the language of that order that the judgment had not been entered before that date.    The appeal papers describe the judgment as one entered on the 13th of February, 1863, and the presumption from the record undoubtedly is that it was entered at that date.    At all events it is a sufficient answer to the objection to say that it appears from the record that the appeal was not barred when taken.

Again, it is objected that we cannot consider the question arising on the statute of limitations, because there is no bill of exceptions preserving the evidence.    But we think this question fairly arises upon the certified record of the county court and the finding of the circuit court.    Of course the finding of the circuit court is a part of the record, and we must look into it, so far at least as to see that the facts found support the judgment.    If the circuit court mistakes the principle of law applicable to the facts found, the error can be reviewed without a bill of exceptions. ·· *Blossom v. Ferguson,* 13 Wis., 75.    And the note and the amount of it appear in the record of the county court, which we must consider.    For when an appeal is taken from the decision of commissioners or the county court

allowing or disallowing a claim against the estate of a deceased person, the statute makes it the duty of the party appealing to procure and file in the circuit court a certified copy of the record of the allowance or disallowance appealed from, which becomes a part of the record of the circuit court. Sections 24' and 25, chap. 101, R. S. Hence it is very clear that no bill of exceptions was necessary to present the question arising on the statute of limitations in this case.

The note became due the fourth of June, 1856. The circuit court finds that the deceased, Asa Foote, who was one of the makers, died August 1st, 1861; that administration on his estate was granted October 4th, 1861, and that the note was presented against the estate within less than a year from the granting of the administration. As a matter of law the circuit court held that the note was barred by the statute of limitations when presented to the county court for allowance. It appears from the record of the county court that the note was presented to that court for allowance on the 1st of August, 1862. There can be no doubt of the right and power of the county court to act upon the note and allow the same, notwithstanding the failure to present it to the commissioners. The matters stated in the petition brought the case fully within the provisions of the statute, sections 7 and 8, chap. 101. And therefore the only point we have to consider is, whether the note was barred by the statute of limitations.

There are two provisions of our statute which have a direct bearing upon this question, and which are not entirely harmonious. It will not be necessary, in disposing of this case, to reconcile the apparent conflict in the two sections; for it is evident that an action on the note was not barred, whichever may be held to control. By the last clause of section 30, chap. 138, it is provided that if a person against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his executor

or administrator after the expiration of that time, and within one year after the issuing of letters testamentary or of administration. By section 8, chap. 147, relating to actions and proceedings by and against executors and administrators, it is provided that the term of eighteen months after the death of any testator or intestate, shall not be deemed any part of the time limited by law for the commencement of actions against his executors or administrators. A construction was given this latter section in *Lightfoot v. Cole*, 1 Wis., 26, where it was held that in computing the time of limitation within which actions may be brought against an executor or administrator, a period of eighteen months after the death of the testator or intestate is to be excluded from the computation. Assuming, however, that the former provision must govern, then manifestly the period of limitation had not run when the note was presented to the county court for allowance. The maker, Asa Foote, died before the expiration of the time limited for bringing an action upon the note, and the note was presented within one year after the issuing of letters of administration. The presentation of the note to the county court for allowance was unquestionably the commencement of an action, within the meaning of this enactment.

It follows from these views that the circuit court erred in holding, upon the facts found, that the note when presented to the county court was barred by the statute of limitations.

The judgment of the circuit court is therefore reversed, and a new trial awarded.