### CHINNOCK VS. STEVENS.

*Appeals from Justices' Courts.*

1. The requirements of the statute with reference to appeals from justices' courts must be pursued with exactness, or no jurisdiction will be conferred on the appellate court.
2. Immediately following the notice of appeal from the justice's judgment in this case, on the same half-sheet, is an affidavit by the appellant, "that he is the defendant in this action, and that *the same* is brought in good faith," etc. *Held,* that the appellate court could not infer that the affiant meant to state that *the appeal* was brought in good faith, etc., nor could the affidavit be amended.
3. The respondent does not waive a jurisdictional defect by giving notice of trial, and having the cause put upon the calendar of the appellate court.

APPEAL from the Circuit Court for *St. Croix* County.

This action was commenced originally before a justice of the peace. The plaintiff having recovered judgment, the defendant served on the justice a notice of appeal. With the notice, and written thereunder on the same half-sheet, was an affidavit by defendant, which states "that he is the defendant in this action, and that the same is brought in good faith, and not for the purpose of delay." The justice made return of the case to the circuit court, and the plaintiff's attorney noticed it for trial, and caused it to be placed on the calendar. Subsequently, in court, the plaintiff moved, orally and without notice, to dismiss the appeal, on the sole ground that the affidavit attached to the notice of appeal was defective, and that the circuit court had no jurisdiction to try the cause. From an order granting the motion, the defendant appealed.

*Weatherby & Dawson,* for appellant, insisted that the word "same," in the affidavit, plainly had reference to the appeal, and no one could be misled by the error complained of. The noticing of the case for trial by the plaintiff, and placing it on the calendar, was a waiver of all objections which otherwise might have been raised to the appeal; and if the affidavit was

technically defective, it was open to amendment.   13 Wis. 626; 5 Wis. 23 ; 4 Hill, 597; 5 Sandf. 657 ; 13 How. 350.

*H. A. Wilson & J. E. Glover*, for respondent :

The appellate court acquires no jurisdiction in cases of appeals from justices of the peace unless the requirements of the statute are strictly followed in every particular.   *Clark v. Miles*, 2 Chand. 94; *Brown v. Pratt*, 4 id. 32; *Clarke & Rice v. Bowers*, 2 Wis. 123; *Pelton v. Town of Blooming Green*, 3 id. 310; id. 397, 593, 744.   The affidavit filed was fatally defective, and the respondent waived no right to his motion by noticing the case and putting it on the calendar.   *Brown v. Pratt*, 4 Chand. 32, and 4 Wis. 188; *Brearly v. Warren*, 3 Wis. 397.   Notice of the motion to dismiss was unnecessary, the objection taken going to the jurisdiction of the court. *Lawler v. Fitzpatrick*, 3 Wis. 573.

DIXON, C. J.   The early decisions of this court cited in the brief, and the nicety required in order to give jurisdiction in cases of appeal from justices of the peace, are familiar to those gentlemen of the bar who have had occasion to investigate the subject.   The same rigid doctrine was reiterated and applied by the majority of the court in the recent case of *Widner v. Wood*, 19 Wis. 190, so that it is undoubtedly as true now as it ever was, that the requirements of the statute must be pursued with the uttermost exactness, or the appeal will be a failure.   I could not concur in the last decision.   I doubted then, and doubt now, the correctness of the rule.   It is technical in the extreme, and has been enforced with a degree of illiberality which does not characterize the practice in civil actions in any other particular.   It is in clear opposition to the maxim universally observed, that appeals from inferior tribunals are favored in the law.   I think the objection does not go the jurisdiction, but may be obviated by amendment under the statute, both as before and since the last revision.   " The court

shall have power to amend *any process*, pleading or *proceeding*, *either in form or substance*, for the furtherance of justice," was the language of the statute of 1849. R. S. 1849, ch. 100, § 1. And the power now possessed by the court is the same. It may amend *any proceeding by correcting a mistake in any respect*. R. S. 1858, ch. 125, § 37. But the rule is settled, and so settled that the validity of the appeal for any purpose depends upon the original papers having been drawn in precise and literal compliance with the language of the statute. Nothing is open to inference or intendment in favor of the appeal, and there is no power of amendment. We cannot, therefore, infer that the appellant here intended to make oath that the appeal was brought in good faith, though it is manifest that he did so intend; nor can the affidavit be amended.

The court having acquired no jurisdiction, the giving of notice of trial and placing the cause on the calendar in the circuit court by the respondent, was no waiver of the objection. This was so decided in the case last referred to, where the respondent's attorney served notice of trial, accepted notice of retainer, and filed a note of issue in the cause.

*By the Court.*—Judgment affirmed.