Schweppe vs. Wellauer and others.

SCHWEPPE, Respondent, vs. WELLAUER and others, Appellants.

*January 28 — February 25, 1890.*

*Justices' courts: Action against firm: Entitling of papers: Appeal.*

1. In an action in justice's court the summons and other proceedings, including the judgment, were against J. W. & Co. The account filed as the cause of action was also against J. W. & Co., but the complaint was entitled as against J. W. and J. H. The firm of J. W. & Co. consisted of three partners, J. W., J. H., and A. K. *Held*, that a notice of appeal from the judgment, entitled as against said partners in their individual names, and so signed by them, was sufficient.
2. The name of a garnishee appended to the title of the cause in the papers on an appeal taken by the principal defendants from the judgment against them, is mere surplusage and may be disregarded.

APPEAL from the Circuit Court for *Taylor* County.

On September 19, 1888, judgment was rendered in a justice's court in favor of *E. H. Schweppe* and against *Jacob Wellauer & Co.* for $93.75 and costs. On the same day one C. P. Thompson, who had been summoned as garnishee, was ordered to pay into court for the benefit of the plaintiff, the amount of said judgment.

Afterwards a notice of appeal was filed with the justice, entitled "*E. H. Schweppe, Plaintiff, vs. Jacob Wellauer, John Hoffman and Alexander Kehr, Defendants, and C. P. Thompson, Garnishee.*" This notice was to the effect that the above-named defendants appealed from the judgment rendered against them in said action, and was signed: "*Jacob Wellauer, John Hoffman,* and *Alexander Kehr,* constituting the firm of *Jacob Wellauer & Co.,* by W. H. Timlin, their attorney."

The plaintiff noticed the case for trial in the circuit court, the notice being entitled "*E. H. Schweppe, Plaintiff, vs. Jacob Wellauer et al., Defendants, and C. P. Thompson, Garnishee.*" Afterwards the plaintiff moved to dismiss the appeal, and the motion was granted. The defendants having moved for a change of venue, that motion was denied. The defendants appeal from the order dismissing the appeal, and also from the order denying their motion for a change of venue. Other facts are stated in the opinion.

The cause was submitted for the appellants on the brief of *Turner & Timlin,* and for the respondent on that of *Schweppe & Foster.*

ORTON, J. There are two appeals,— one from the order of the circuit court dismissing the appeal from the justice, and the other from the order denying the motion of the defendants for a change of the place of trial. No one seems to know the ground for the dismissal of the appeal. The learned counsel of the respondent contends that the appeal was properly dismissed, because the appeal papers were wrongly entitled, so far as the defendants were concerned, and because the name of the garnishee was appended. The name of the garnishee being appended was mere surplusage, and should have been disregarded. Co. Litt. 303*b; Dean v. Gover,* 2 Saund. 306, and note 14; *Thomas v. Roosa,* 7 Johns. 462; *Chapman v. Smith,* 13

Johns. 80; *Tucker v. Randall*, 2 Mass. 283; *Wilmarth v. Mountford*, 8 Serg. & R. 124; *Carroll v. Peake*, 1 Pet. 18; *Brown v. Manter*, 21 N. H. 535.

There appears to be some discrepancy in the title of the defendants. The summons, garnishee proceedings, record, and judgment before the justice are against *Jacob Wellauer & Co.*, and the account filed as the cause of action is against *Jacob Wellauer & Co.* The notice of appeal from the justice, the affidavit, and undertaking are against *Jacob Wellauer, John Hoffman*, and *Alexander Kehr.* In the motion of the defendants for change of venue, and all the proceedings in the circuit court on appeal, all three of the defendants constituting the firm of *Jacob Wellauer & Co.* are named. The order dismissing the appeal, and the plaintiff's notice of trial in the circuit court, are against *Jacob Wellauer et al.* The affidavit and demand for a change of venue are made on behalf of all three defendants; and, finally, all proceedings since the judgment of the justice have been either against *Jacob Wellauer et al.* or all three of the defendants. The only discrepancy is that the complaint before the justice was against *Jacob Wellauer* and *John Hoffman* alone. The defendants probably knew who constituted their firm of *Jacob Wellauer & Co.* better than the plaintiff; and they have, since the judgment, appeared in all of the three names of their firm. There is perfect accord between such title and that of the summons and proceedings before the justice of *Jacob Wellauer & Co.* The defendants had the right to appear by their own proper names of the firm, as they have so appeared, and since then the records have been properly entitled against them all. "Where the several members of the partnership are unknown to the plaintiff, the suits and all proceedings may be in the partnership name until the true names of the several partners are discovered, whereupon the subsequent proceedings shall be in the true names of the parties." Sec. 2612*a*, S. & B. Ann.

Stats. The proceedings are perfectly regular, notwithstanding the mistake made by the plaintiff in drawing his complaint against only two of the firm. It should have been against the partnership name, according to the records of the justice; for he evidently did not know all of the names of the partners, and they had not been previously discovered. There was no ground for the dismissal of the appeal.

The motion for a change of venue was denied because the appeal had been dismissed and the court had no jurisdiction of the case after that.

*By the Court.*— The order dismissing the appeal and the order denying the change of venue are both reversed, and the cause remanded for further proceedings according to law.