Friemark vs. Rosenkrans.

81  359
84  405
81  359
90  361
81  359
d96  632
81  359
101  298

FRIEMARK, by his next friend, Respondent, vs. ROSENKRANS, Appellant.

*February 4 — February 23, 1892.*

*(1) Justices' courts: Appeal: Sufficiency of notice. (2) Reproof of counsel by court. (3) Improper remarks of counsel.*

1. In an action brought by an infant by his next friend, the title of a notice of appeal from justice's court omitted the name of the next friend. The title gave the defendant's name as "Edward M. R.," but the notice was signed "E. M. R." The notice also described the judgment appealed from as being for a certain sum and $24.25 costs, instead of $30.76 costs, as was the fact. *Held*, that the notice was a substantial compliance with the statute (sec. 3754, S. & B. Ann. Stats.), being sufficient to identify the party appealing and the cause in which and judgment from which the appeal was taken.

2. It is error for the court, in the presence of the jury, to use harsh or censorious language to counsel in relation to what he may have done in other cases and on other occasions; but such error will not work a reversal where it appears that the client was not prejudiced.

3. In his argument to the jury counsel for plaintiff said, in reference to defendant or his counsel, "If the veil that covers the private lives of some men were lifted, it would show a picture blacker than hell itself." The remark was not relevant to the testimony or to anything occurring on the trial. *Held*, that it was improper; but, the defendant not having been prejudiced thereby, the judgment will not be reversed.

APPEAL from the Superior Court of *Milwaukee* County. This action was brought in justice's court by the plaintiff, an infant of the age of fourteen years, by his next friend, against the defendant, for assault and battery, and he recovered $20 damages and $30.76 costs. The defendant appealed to the superior court of Milwaukee county, and in the notice of appeal entitled the case, *Joseph Friemark v. Edward M. Rosenkrans,* instead of *"Joseph Friemark,* an infant, by Michael Friemark, his next and nearest friend," etc. The notice was signed, *"E. M. Rosenkrans,"* instead of *"Edward M. Rosenkrans,"* and it described the judgment as being for $20 and $24.25 costs, instead of $30.76, as was actually the case. In the superior court the plaintiff moved the court to dismiss the appeal upon the ground that the notice of appeal did not properly describe the parties to the action nor the judgment rendered, from which the appeal was taken; but the motion was denied. At the trial in the superior court the plaintiff recovered $175 damages, with costs; and the defendant appeals to this court, and now insists, as the plaintiff did in the superior court, that the notice of appeal was fatally defective and that that court was without jurisdiction.

It appeared on the trial, in substance, that the plaintiff, with others, had been picking up fragments of building material in and around the defendant's building, then in process of construction, and was taking the same away in a wheelbarrow, when the defendant took possession of the wheelbarrow and detained it, and the boy escaped into the street. Quite an altercation had occurred between the defendant and other parties similarly engaged. After a few moments the defendant got a party acquainted with the boy to bring him to him, when, as he states, he took the boy by the hand, and sat on one of the wheelbarrows, holding him and thinking what to do, for about ten minutes; that he thought of taking him to the police station,

Friemark vs. Rosenkrans.

because so much had been taken away from the building that he did not know exactly what to do, and the other parties were all the while attacking him, and that he thought that he would scare the boy and let him go, and perhaps they would keep away; that he grabbed the boy by the hand, threw· him partly over his knee, and applied a piece of wainscoting that he had in his hands, about three feet long, two and a half inches wide, and seven-eighths of an inch thick, to the boy, about four or five times,— not as hard as he could strike; that it was not intended to strike him on any other place except on the seat of his pants.   The testimony took a considerable range as to the extent and character of the injuries thus inflicted on the boy; but the defendant, according to his own statement, was clearly guilty of an unjustifiable assault and battery, the testimony not tending to show that it was committed in defense of his property.   There is no contention that the damages awarded were excessive, and it expressly appears from the verdict that none but *compensatory* damages were awarded.   Question was made as to the competency of the plaintiff as a witness, on the ground of defect of religious belief; but it clearly appears that the objection was not well taken, and, besides, the evidence given by the boy was in no proper sense essential to the recovery.

During the trial it appears that the defendant's counsel offered in evidence the judgment of the court below, and during the argument was proceeding to state what the judgment was when he was interrupted by the court.   Defendant's counsel claimed that the court had admitted the record of the court below, to which the trial judge replied that, if admitted, it was error, and said: " Certainly the court did not have in mind the attempt to put before this jury findings of another court, where the evidence may have been entirely dissimilar.   I have had occasion twice before to rule *in similar cases where you have undertaken*

*and have actually wrongfully informed the jury* of what the verdict of another court was, and I must insist that you will not do it again. I said the record was a part of the evidence in this case without being introduced, so far as it was admissible in any way. Certainly the court at that time did not think of any such purpose as this in introducing the record, or it would have been promptly ruled out."

Counsel for the plaintiff, in addressing the jury, stated, among other things, that, "if the veil that covers the private lives of some men were lifted, it would show a picture blacker than hell itself." The counsel for the defendant objected and excepted to this remark. The trial judge said: "The court is of the opinion that the counsel is within the latitude of counsel, and it is for the counsel himself to make such remarks as his case may dictate, as long as he is within the latitude. As to the good or bad taste of the remarks, the court, of course, offers no special opinion."

A motion for a new trial was made, assigning these various rulings, among others, which was denied.

*Henry L. Buxton,* for the appellant, to the point that the notice of appeal was insufficient to give the superior court jurisdiction, cited *Widner v. Wood,* 19 Wis. 190; *Morris v. Brewster,* 60 id. 229, 230.

*K. Shawvan,* for the respondent.

PINNEY, J. Both the counsel for the plaintiff and for the defendant, at different stages of the action, have insisted that the notice of appeal was not sufficient to give the superior court jurisdiction; and whether it is sufficient or not is the principal question on this appeal.

1. The statute (sec. 3754, S. & B. Ann. Stats.) provides: "The appellant or some person authorized by him must, within twenty days after judgment rendered, make and pre-

sent to the justice before whom the action was tried, or his successor in office, or any other justice then lawfully having custody of the docket containing such judgment, a notice of appeal, together with an affidavit that the appeal is made in good faith and not for the purpose of delay," etc. The statute does not prescribe either the form or substance of the notice. It is required that it shall be " a notice of appeal," and it is not necessary that it should be served on the opposite party. Its sole purpose seems to be to convey to the justice to whom it is delivered, and whose duty it will be to make return to the appellate court, reasonably definite, reliable, and written information that an appeal is taken, by whom taken, and of the cause in which, and of the judgment from which, it is taken. *Morris v. Brewster*, 60 Wis. 229.

The failure to join with the name of the plaintiff in the title of the action, at the head of the notice, the name of his next and nearest friend, Michael Friemark, by whom the action is prosecuted in the name of the infant, *Joseph Friemark*, is not, we think, a material omission. The real party plaintiff is the infant, *Joseph Friemark;* and that the defendant, whose name is stated in full in the title of the notice, signed it using his initials only for his Christian name, thus, " *E. M. Rosenkrans*," cannot be regarded as a material defect, or more than a merely technical and immaterial variance.

The remaining objection is that the notice in designating the judgment, as to the amount of damages and costs, stated the damages correctly, but stated the costs at $24.25 instead of $30.76, the true amount. The notice should be reasonably certain, and we think that the notice in this case is a substantial compliance with the statute, and sufficiently identifies the party appealing, the case in which, and the judgment from which, it is taken; that the particulars are made sufficiently certain; and that the error in designating

the amount of costs, which are an incident of, and yet a part of, the judgment, does not render it fatally defective. The notice furnishes substantial and sufficient information of all the particulars required to be stated in it. Statutory provisions in regard to appeals are remedial in their character, and ought to be liberally construed, and certainly not so strictly as to unnecessarily hamper or defeat the beneficial purposes for which they are intended. The date of the judgment, title of the court and of the cause, sufficiently identified the judgment appealed from.

2. There is nothing in the case tending to show that the defendant had any defense whatever to the action. Beyond all question his own testimony establishes the fact that he was guilty of an assault and battery on the person of the plaintiff. There is no evidence tending to show that it was committed in the reasonable defense of his property. The matter to be passed on by the jury was simply the amount of damages which the plaintiff ought to recover; and although a motion was made for a new trial it was not assigned as a ground for it that the damages were excessive. The jury were required to state whether any or what sum was allowed by them for punitory damages, and what for compensatory damages, and they found a verdict for compensatory damages only.

3. For the reasons already stated, it is manifest that neither the language used by the trial judge to the appellant's counsel, nor the violent and irrelevant language of the plaintiff's counsel in addressing the jury, and here complained of, could have operated to the prejudice of the defendant. If there existed good reason for believing that the case of the defendant had been prejudiced by these statements, or either of them, we would not hesitate to grant a new trial.

In the trial of causes the counsel is the representative, for the time being, of his client, as the sole organ of com-

munication between him and the court and jury, and the
guardian of his interests; and while it is within the prov-
ince of the court to rebuke or censure counsel in the pres-
ence of the jury for irregularity of practice or misconduct
occurring ·in the particular case, yet to reproach him, or
use harsh or censorious language to him, in relation to
what he may have done in other cases and on other occa-
sions, is manifestly improper. Neither counsel nor his
client ought to anticipate such statements or come to the
trial prepared to go into an explanation of them in order
to avoid their prejudicial effect upon the case on trial.

The language used by counsel to the jury was clearly ir-
relevant, and ought not to have been permitted on that
account, to say nothing of the violent imputations it must
have been intended to make against the defendant or his
counsel; for we cannot see that any others were intended
by it. It referred wholly to matters not occurring at the
trial, and not within the scope of the testimony before the
court and jury; to matters which would appear "if *the veil
that covers* the private lives of some men *were lifted.*" We
cannot agree with the trial judge in his ruling that the
counsel in this case was within the proper scope of his duty
in making such a statement, or that it was a mere matter
of good or bad taste. The place and occasion required
that counsel should keep within the proper limits of his
rights and privileges as such. The dignity of proceeding
and propriety of speech that are essential to the adminis-
tration of justice will be best maintained by restraining
counsel in passing the proper limits of discretion. Thomp.
Trials, §§ 955–958. "The duty of the trial judge to repress
needless scandal and gratuitous attacks on character is a
very plain one, and good care should be taken to discharge
it fully and faithfully." *Rickabus v. Gott,* 51 Mich. 227–229.
This court has on a former occasion declared itself on this
subject in no uncertain or hesitating terms. *Brown v.*

*Swineford,* 44 Wis. 282.   We do not think that there is any
reason for holding that the defendant has been prejudiced
by these statements; but, as they appear in the record, we
have felt it our duty to notice them with disapproval.

*By the Court.*— The judgment of the superior court of
Milwaukee county, appealed from, is affirmed.