HENDER, Appellant, vs. RING, Respondent.

*April 27 — May 15, 1895.*

*Appeal from justice's court: Notice: Replevin: Evidence.*

1. The notice of appeal from the judgment of a justice in replevin is sufficient if it identifies the party appealing and the cause in which and judgment from which the appeal is taken, although it fails to mention the value of the property as found and that it was ordered to be delivered to the plaintiff.

Hender vs. Ring.

2. In replevin for a pair of sleighs which plaintiff had purchased of defendant partly on credit, evidence tending to show that defendant took possession of the sleighs in pursuance of a subsequent agreement between them is *held* sufficient to sustain a verdict in his favor.

APPEAL from a judgment of the circuit court for Iron county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

On January 17, 1893, the plaintiff made and filed with a justice of the peace his complaint on oath to the effect that he was the owner and lawfully entitled to the possession of one pair of logging sleighs, about eight-feet runners, of the value of $50, and that the same had been unjustly taken and was unjustly detained by the defendant. On the same day the justice issued his warrant, and the property was seized and taken into the custody of the officer. Upon the return day the defendant put in a general denial, and upon the trial before the justice the issues were found in favor of the plaintiff, and the value of the property was found to be $45, and the damages for the detention thereof six cents, and judgment was entered accordingly and for $12.31 costs, January 20, 1893. Thereupon the defendant filed with the justice an affidavit of his intention to appeal. The plaintiff thereupon gave the requisite undertaking and took possession of the property. On February 9, 1893, the defendant gave written notice to and filed the same with the justice, to the effect that he thereby appealed to the circuit court for Ashland county from the judgment in said action before said justice, January 20, 1893, in favor of the plaintiff and against the defendant for six cents damages and $12.31 costs, and also filed with said notice before said justice his affidavits to the effect that his said appeal was made in good faith and not for the purpose of delay, and that he had so appealed from said judgment, and had a valid claim against the plaintiff exceeding $50.

On the trial of the cause in the circuit court, October 20,

1893, the jury returned a verdict to the effect that the defendant was entitled to the possession of the goods and chattels specified in the complaint, to wit, the pair of logging sleighs, about eight-feet runners; that the plaintiff unjustly took and unlawfully detained the same; that the value thereof was $45; that the damage which he had sustained by the unjust taking and detention thereof was six cents. From the judgment entered thereon in favor of the defendant the plaintiff appeals.

For the appellant there was a brief by *Foster & Bushnell*, and oral argument by *T. H. Bushnell*.

For the respondent there was a brief by *A. L. Ruggles*, and oral argument by *Rufus B. Smith*.

CASSODAY, J.   The defendant made no claim for a return of the property in his answer.   Upon the rendition of the judgment before the justice the plaintiff obtained the possession of the property by complying with the statutes, as mentioned in the foregoing statement.   R. S. sec. 3759.   At the commencement of the trial in the circuit court the parties stipulated that the value of the property was $45.   Upon the rendition of the verdict in that court the defendant elected, in open court, to take judgment absolutely for the value of the property and the damage for the detention as found.   Such being the facts in the record, there can be no valid objection to the form of the judgment.

1. It is contended that the notice of appeal from the judgment rendered by the justice was insufficient to give the circuit court jurisdiction, and hence that the refusal of that court to dismiss the appeal was error.   The only defects in the notice claimed are the failure to mention the value of the property as therein found and determined, and the failure to mention that such property was therein ordered to be delivered to the plaintiff.   The notice was, however, sufficient to identify the party appealing and the cause in which

· Hender vs. Ring.

and the judgment from which the appeal was taken, and hence was sufficient to give the circuit court jurisdiction, within the repeated decisions of this court. *Noall v. Halonen*, 84 Wis. 402; *Friemark v. Rosenkrans*, 81 Wis. 359. Statutory provisions in regard to such appeals are remedial in their nature, and hence must be liberally construed so as to effectuate the purpose for which they were intended.

2. It is conceded that the plaintiff purchased the sleighs in question of the defendant, and in part payment thereof delivered to him a pair of old sleighs, and was to pay the balance of the purchase price in cash at a time stated. He failed to make such payment, and the defendant contends, and his evidence tends to prove, in effect, that by reason of such failure it was agreed by and between the parties that the defendant might take back the old sleighs and get the new ones; and that, in pursuance of that agreement, he did so. The evidence on the part of the plaintiff gives a different version to the alleged agreement. The court submitted to the jury the questions in dispute in regard to such subsequent agreement, with instructions to the effect that the plaintiff must recover, unless they found that such subsequent agreement was made as contended by the defendant, and that the burden was upon him to prove such agreement. The jury found for the defendant, and hence must have found that such subsequent agreement was made as claimed by him. There is evidence sufficient to sustain the verdict. The finding of the jury is a verity. There is no exception to the charge. It follows that there was no error in refusing to direct a verdict in favor of the plaintiff, nor in refusing to set aside the verdict and grant a new trial.

*By the Court.*— The judgment of the circuit court is affirmed.