WATTAWA, Respondent, vs. JAHNKE, Appellant.

*January 13—February 3, 1903.*

*Appeal from justice's court: Notice of appeal: Affidavit: Sufficiency: Jurisdiction.*

1. Sec. 3754, Stats. 1898, provides that, on appeal from a judgment of a justice of the peace, there shall be presented "to the justice before whom the action was tried, or his successor in office, or any other justice having custody of the docket containing such judgment" a notice of appeal, together with an affidavit that the appeal is in good faith. The defeated party in an action in justice's court presented to the justice a notice giving the name of the court, the formal title containing the names of the respective parties, the date and amount of the judgment and designation of the party taking the appeal. The required affidavit was not entitled, but was immediately below and upon the same side of the same sheet of paper as the notice of appeal, and stated it was made on behalf of "the defendant in the above entitled" and that "the appeal mentioned in the foregoing notice is made in good faith," etc. *Held,* that the affidavit showed on its face that it was made in the same action and referred to the same judgment as was mentioned in the notice of appeal, and came within the rule that an appeal from a judgment of a justice of the peace being purely statutory, the statute must be substantially complied with in order to give the appellate court jurisdiction.

2. Sec. 3763, Stats. 1898, provides that when an appeal is taken from a judgment of a justice of the peace, the justice shall "make return to the appellate court of the testimony, proceedings and judgment and file the same therein." On an appeal from a justice's judgment, neither the notice nor the affidavit gave the

name of the particular justice before whom the judgment was rendered, but the copy of the docket entries appearing in the record, and immediately following the notice and affidavit, recited that the appellant, naming the party subscribing the notice of appeal, "made and presented to me, the undersigned justice, a notice of appeal, affidavit of good faith, and undertaking in the above entitled action." *Held*, that the appeal papers complied with the statute and were sufficient to give the circuit court jurisdiction.

APPEAL from an order of the circuit court for Kewaunee county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This is an appeal from an order entered in the circuit court October 28, 1901, dismissing an appeal from a judgment rendered by a justice of the peace on the ground that the appeal papers were insufficient to give the circuit court jurisdiction. The notice of appeal to the circuit court is as follows:

"State of Wisconsin, Kewaunee County:
"In Justice Court.
"*John Wattawa,* Plaintiff,
        vs.
"*Fred Jahnke,* Defendant.
"Take notice that the defendant above named appeals from the judgment rendered in said court before you in the above entitled action on the 5th day of June, 1901, in favor of the plaintiff and against the defendant, for the sum of $120.64 damages and $19.78 costs, to the circuit court of Kewaunee county.
"Dated June 5th, 1901.
                "FRED JAHNKE, Defendant,
                "By A. L. SCHMITZ, One of His Atty's."

Immediately following such notice, and on the same side of the same sheet, is an affidavit, of which the following is a copy:

"State of Wisconsin, County of Kewaunee—ss.:
"A. L. Schmitz, being first duly sworn, on oath says that he is one of the attorneys for *Fred Jahnke,* the defendant *in the above entitled,* and makes this affidavit in his behalf; that

the appeal mentioned in the foregoing notice is made in good. faith, and not for the purpose of delay.

"A. L. SCHMITZ."

"Subscribed and sworn to before me this 6th day of June, 1901.

"W. SEIDL,
"Justice of the Peace, Kewaunee Co., Wis."

That is followed by an undertaking executed by the defendant and another at the same time, to which no objection is taken. And the undertaking is followed by a copy of the record of the docket entries made by the justice of the peace, as shown by the transcript returned to the circuit court, as follows:

"June 6th, 1901. *Fred Jahnke*, the defendant and appellant, made *and presented to me*, the undersigned justice, notice of appeal, affidavit of good faith, and undertaking, in. above-entitled action. Same received, approved, and filed,— and also paid $9.16, my fee; $1.00, return; $2.00, clerk fee; and $1.00, state tax.

"W. SEIDL,
"Justice of the Peace."

Each and all of such papers were filed with the clerk of the circuit court June 6, 1901.

The cause was submitted for the appellant on a brief signed by *A. L. Schmitz* and *O. H. Bruemmer*, and a separate brief by *O. H. Bruemmer*, attorney, and *Geo. W. Wing*, of counsel, and for the respondent on the brief of *Nash & Nash*, of counsel.

CASSODAY, C. J. Counsel for the plaintiff is undoubtedly correct in claiming that the right of appeal from a justice of the peace is purely statutory, and that the statutes must be substantially complied with, in order to give the circuit court jurisdiction. But we are clearly of the opinion that the appeal papers in question substantially comply with the statute (sec. 3754, Stats. 1898). The notice gives the name of the court, the names of the respective parties; the date and amount.

of the judgment, and the party taking the appeal. True, the affidavit of good faith on behalf of the defendant is not entitled; but it is immediately below the notice of appeal, and upon the same side of the same sheet of paper, and states that it is on behalf of "the defendant in the above entitled," and that "the appeal mentioned in the foregoing notice is made in good faith, and not for the purpose of delay," and hence shows that it was made in the same action and refers to the same judgment as is mentioned in the notice. True, there may be several justices of the peace in Kewaunee county, and neither the notice nor the affidavit gives the name of the particular justice before whom the judgment was rendered; but such justice recited in his docket entries in the case that "Fred Jahnke [the defendant and appellant] made and presented to me, the undersigned justice, notice of appeal, affidavit of good faith, and undertaking in the above-entitled action." The appeal papers appear to be a substantial compliance with the statute cited, and hence sufficient to give the circuit court jurisdiction. The following are a few of the adjudications in support of such ruling: *Kearney v. Andrews,* 5 Wis. 23; *Bremer v. Koenig,* 5 Wis. 156; *Evangelical L. St. P. Gemeinde v. Koehler,* 59 Wis. 650, 18 N. W. 476; *Noall v. Halonen,* 84 Wis. 402, 54 N. W. 729; *Hender v. Ring,* 90 Wis. 358, 63 N. W. 282; *Neppach v. Jordan,* 13 Oreg. 246, 10 Pac. 341; *Lancaster v. McDonald,* 14 Oreg. 264, 12 Pac. 374.

*By the Court.*—The order of the circuit court dismissing the appeal is reversed, and the cause is remanded for further proceedings according to law.