Cowles, Plaintiff in error, vs. City of Neillsville, Defendant in error.

*December 16, 1908—January 5, 1909.*

*Criminal law and practice: Appeal from police court: Notice: Mistake in title of action: Jurisdiction of appellate court.*

Sec. 4761, Stats. (1898), providing for appeals in criminal cases from justices' courts, which by sec. 2, ch. 190, Laws of 1889, governs the police court of the city of Neillsville, provides that the appellant shall *"give* said justice *notice thereof in writing* within twenty-four hours." In an action in such police court the defendant was convicted of the violation of a city ordinance and by mistake entitled the action in his notice of appeal as "State of Wisconsin," plaintiff, instead of "City of Neillsville." *Held,* that the call of the statute was satisfied notwithstanding the erroneous title.

Error to review a judgment of the circuit court for Clark county: James O'Neill, Circuit Judge. *Reversed.*

*Merrill Cowles* was convicted in the police court of the city of *Neillsville* of a violation of a city ordinance and attempted to appeal therefrom to the circuit court. The law governing appeals from any judgment of that court imposing a fine, penalty, or imprisonment provides that appeals shall be taken within the same time and in the same manner as appeals from justices' courts in criminal actions. Sec. 2, ch. 190, Laws of 1889. The notice of appeal was given within the time provided by law, but by mistake was entitled *"State of Wisconsin v. Merrill Cowles"* instead of *"City of Neillsville v. Merrill Cowles."* The notice specified the judgment appealed from as the judgment "in this action," but described it correctly in all other respects. A proper recognizance, as required by secs. 4761, 4714, Stats. (1898), accompanied the notice, which, however, was not entitled, but properly described the offense and the judgment. The police justice immediately noted the filing of the notice

and recognizance in his docket and made due return to the circuit court. Upon motion the appeal was dismissed for lack of jurisdiction, and *Cowles* brings his writ of error to reverse the judgment.

*George L. Jacques,* for the plaintiff in error

*Homer C. Clark,* for the defendant in error.

WINSLOW, C. J. The defect in the notice of appeal, which was held to be fatal, was that the state was named as the plaintiff instead of the city. The error was noticed by no one at the time and misled no one. The justice knew perfectly well to what judgment the notice was in fact directed. He made entry of the appeal, accepted the recognizance, and made his return in due course as if the notice were perfect, as in fact he supposed it was. The offense charged was the sale of intoxicating liquor to a minor, which is an offense against the laws of the state as well as against the ordinances of the municipality, and hence the mistake in the title was a very natural one. The question whether the defect was of so serious a character as to deprive the appellate court of jurisdiction must depend upon the construction given to the statute which prescribes the notice to be given, viz., sec. 4761, Stats. (1898). This section provides that the appellant shall *"give* said justice *notice thereof in writing* within twenty-four hours." Counsel have referred us to no cases construing this section and we have found none; hence we are not fettered by any previous adjudication on this subject. In support of the ruling of the trial court, reliance is placed upon the decisions of this court in relation to notices of appeal in civil cases beginning with *Widner v. Wood,* 19 Wis. 199. The civil appeal statute (sec. 3754, Stats. 1898) requires the appellant to *make and present* to the justice a notice of appeal. The early decisions under this section, notably *Widner v. Wood, supra,* and *Chinnock v. Stevens,* 23 Wis. 396, laid down a rigid rule of nicety with regard

to the notice of appeal which hardly accords with the general principle that the right of appeal from inferior tribunals is favored in the law.    While these cases have not been overruled it is certainly true that they have been seldom cited, and in the more recent cases the rule that there must be strict compliance with every detail of the statute has been much encroached upon, and the more sensible rule of substantial compliance adopted in its place.    Under this latter rule it seems that inaccuracy or mistake in the description of the judgment appealed from will not invalidate the notice, if, notwithstanding such inaccuracy or mistake, the judgment intended is designated with reasonable certainty. *Schweppe v. Wellauer,* 76 Wis. 19, 45 N. W. 17; *Friemark v. Rosenkrans,* 81 Wis. 359, 51 N. W. 557; *Noall v. Halonen,* 84 Wis. 402, 54 N. W. 729; *Hender v. Ring,* 90 Wis. 358, 63 N. W. 282; *Patrick v. Baldwin,* 109 Wis. 342, 85 N. W. 214; *Ladd v. Witte,* 116 Wis. 35, 92 N. W. 365; *Wattawa v. Jahnke,* 116 Wis. 491, 93 N. W. 547.    Under this more reasonable doctrine it seems at least doubtful whether the strict rule laid down in *Widner v. Wood* would now be adhered to.

However this may be, the present case involves the construction of an entirely different statute, which does not require the making and presentation of a notice (carrying the idea of a somewhat formal, legal document), but only that the appellant shall give the justice notice in writing.    The appellant is to give the justice notice in writing of his appeal. That is all.    Doubtless it was not expected that there should be great formality observed.    The notice must be given at once, and not at any time within twenty days as in civil cases.    The defendant might often be obliged to prepare it himself, without the aid of counsel, in order not to lose his right.    These and other considerations which might be named seem to preclude the idea that any very formal document was intended, but rather that there should be given to

the justice some written paper, which, though informal, sufficiently gave knowledge to the justice that an appeal was taken and in what case it was taken. Such knowledge was given to the police justice in the present case, notwithstanding the unnoticed error in the title of the cause. There was evidently no doubt or uncertainty in his mind as to the case in which the appeal was taken. Indeed, the body of the notice gave the date of the judgment, its amount, and its provision for imprisonment in default of payment in exact terms, so that it could not be mistaken as intended to apply to any other case.

Under these circumstances we hold that the call of the statute was satisfied notwithstanding the erroneous title. As matter of fact, the justice received notice in writing from the appellant of his appeal and acted upon it.

*By the Court.*—Judgment reversed, and action remanded for further proceedings according to law.