EDULIA SMITH PRICE AND BAYARD R. PRICE, HER HUSBAND, AND ELIZABETH F. FANNING, *Appellants,* v. BYRON HORTON, *Appellee.*

### Opinion Filed ecember 13, 1918.

1. Statutes giving the right of appeal should be liberally construed in furtherance of justice.

2. Notices of appeal should be liberally construed, and held sufficient if by fair construction and reasonable intendment the Court can say the appeal is taken from the decree in a particular case.

3 Mistakes, inaccuracy of statement or unnecessary words or expressions which may be rejected as surplusage, may be immaterial if the entry of appeal nevertheless contains enough to fairly identify the parties, the decree, the Court and the return day with reasonable certainty and show by apt words that an appeal was intended.

4. While it should not be regarded as a model, the following entry of appeal will be held sufficient to give this Court jurisdiction of the cause when it appears from an inspection of the record that there is only one appealable order

contained in it: "And now come the defendants, by Giles
J. Patterson and Milam & Milam, their solicitors and coun-
sel, and apply for and enter their appeal. * * * to the
Supreme Court of the State of Florida, to be held at Talla-
hassee on the first Tuesday in April, A. D. 1918."

Motion to dismiss denied.

*Giles, J. Patterson* and *Milam & Milam,* for Appellants.

*C. C. Howell* and *O. O. McCollum,* for Appellee.

WEST, J.—This case was presented upon a motion to
dismiss the appeal. This motion was granted. There-
upon a motion for a rehearing upon the question thus pre-
sented, was filed, which motion, upon consideration, was
granted. We now reconsider the motion to dismiss the
appeal.

The grounds of this motion are, first, that "said appeal
in this cause was taken on February 16th, 1918, subse-
quently to the rendition of the final decree herein on
December 14th, 1917, solely and exclusively from an inter-
locutory order herein, to-wit, 'from the order sustaining
demurrers of the complainant to the defandants' bill,' and
said appeal does not bring up to this court such final
decree for review," and, second, that "there has been no
appeal taken or entered from the final decree rendered in
said cause on December 14th, 1917."

The entry of appeal omitting formal parts is in the fol-
lowing language:

"And now come the defendants, by Giles J. Patterson
and Milam & Milam, their solicitors and counsel, and
apply for and enter their appeal from the order sustain-
ing demurrers of the complainant to the defendants' bill,

to the Supreme Court of the State of Florida, to be held at Tallahassee on the first Tuesday in April, A. D. 1918."

The statute on the subject, namely, Section 1911 General Statutes of Florida, 1906, provides that: "Notice of entry of all appeals in chancery causes, whether taken in open court or in vacation, shall be filed with the clerk of the court whose order or decree is to be reviewed, and by such clerk shall be forthwith entered in the chancery order book; and no other or further notice of such appeal shall be required to be given or served in order to give to the Supreme Court complete jurisdiction over the person of the appellee, but the record of such entry in the chancery order book shall be taken and held to be sufficient notice to the appellee of the taking of said appeal and of the pendency thereof in the Supreme Court."

This court has repeatedly held that "an appeal in an equity cause, taken subsequently to the rendition of a final decree therein, solely and expressly from an interlocutory order therein, that does not bring up such final decree for review, can not be considered by the Appellate Court and will be dismissed." Oneida Land Co. v. Richards, 72 Fla. 116, 72 South. Rep. 646; Banks v. Gunnyard, 63 Fla. 334, 58 South. Rep. 229; Stanley v. Standard Cypress Co., 54 Fla. 583, 45 South. Rep. 478; Wilder v. Dunn, 45 Fla. 662, 33 South. Rep. 508; Burnham v. Driggers, 44 Fla. 168, 32 South. Rep. 796.

It was upon this theory that the motion to dismiss, when first presented, was granted, because the entry of appeal purports on its face to be an appeal from an interlocutory order, and it appears from the transcript of the record that the appeal was taken after the rendition of the final decree.

It is now contended, however, that inasmuch as there is no interlocutory order in the record, and that the only appealable order in the record is the final decree, that the

appeal should be regarded as and held to be an appeal from the final decree.

By reference to the statute it will be observed that no form of entry of appeal is prescribed, nor are the essential requirements of such entry of appeal enumerated therein. Generally it has been held, under the provisions of Section 1912, General Statutes of 1906, and prior to the enactment of such statute, that the law relating to the procurement, return day and effect of writs of error applies also to appeals in equity causes (Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 South. Rep. 442; Parker v. Evening News Pub. Co., 54 Fla. 482, 44 South. Rep. 718; Ayers v. Daniels, 67 Fla. 482, 65 South. Rep. 660), but these authorities give little assistance here, with respect to the form and contents of an entry of appeal, because this precise question was not presented in such cases.

The rule on the subject is laid down in 3 C. J. 1222, title Appeal and Error, Sec. 1322, as follows: "With respect to the form and the matters stated therein the notice of appeal must comply substantially with all the requirements of the statute or it will be insufficient, unless the defect may be and is waived or cured by an amendment. But as a rule no particular form of words is necessary, and the notice is sufficient, if it reasonably shows that an appeal is intended and the judgment, order, or decree appealed from substantially states the other facts required by the statute to be shown; and the notice will not be rendered insufficient by mere clerical errors or other defects which could not have misled, or by mere surplusage. The notice should state that the party appeals."

It is generally held that statutes giving the right of appeal should be liberally construed in furtherance of justice and that notices of appeal should be liberally con-

strued and held sufficient if by fair construction or reasonable intendment, the court can say that the appeal is taken from the decree in a particular case. Lewis' Sutherland Statutory Construction, Sec. 717; Mendenhall v. Elwert, 36 Ore. 375, 52 Pac. Rep. 22; Munroe v. Herrington, 99 Mo. App. 288, 73 S. W. Rep. 221; Wattawa v. Jahnke, 116 Wis. 491, 93 N. W. Rep. 547; Cowles v. City of Neillsville, 137 Wis. 384, 119 N. W. Rep. 91. In the last cited case the Supreme Court of Wisconsin said: "In support of the ruling of the trial court, reliance is placed upon the decisions of this court in relation to notices of appeal in civil cases beginning with Widner v. Wood, 19 Wis. 199. The civil appeal statute (Section 3754, St. 1898) requires the appellant to make and present to the justice a notice of appeal. The early decisions under this section, notably Widner v. Wood, supra, and Chinnock v. Stevens, 23 Wis. 396, laid down a rigid rule of nicety with regard to the notice of appeal, which hardly accords with the general principle that the right of appeal from inferior tribunals is favored in the law. While these cases have not been overruled, it is certainly true that they have been seldom cited, and in the more recent cases the rule that there must be strict compliance with every detail of the statute has been much encroached upon, and the more sensible rule of substantial compliance adopted in its place. Under this latter rule it seems that inaccuracy or mistake in the description of the judgment appealed from will not invalidate the notice, if, notwithstanding such inaccuracy or mistake, the judgment intended is designated with reasonable certainty."

We do not overlook the fact that there are authorities holding to a strict and technical rule of construction in such cases, but we think the sounder rule, and the one more nearly in accord with the principles of justice, is that which holds to a liberal construction and gives effect

to appeals where there has been a substantial compliance with the law. Mistakes, inaccuracy of statement or unnessary words or expressions which may be rejected as surplusage, may be immaterial if the entry of appeal nevertheless contains enough to fairly identify the parties, the decree, the court and the return day with reasonable certainty and show by apt words that an appeal was intended. When the entry of appeal is so framed as to give to the Appellate Court jurisdiction of the cause, and the parties are properly before the court it is sufficient.

Tested by the foregoing rule is the entry of appeal in this case so defective as to fail to accomplish the purpose for which it was designed and intended? In the motion to dismiss it is alleged that the appeal is "from the order sustaining demurrers of the complainant to the defendants' bill," and this language is found in the entry of appeal, but there is no such order in the record and manifestly in the very nature of things there could not be such an order because there is no such pleading known to our practice as "demurrers of the complainant to the defendants' bill." This language is therefore meaningless. If, then, this language, which means nothing, is eliminated from the entry of appeal it will read as follows:

"IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA. IN CHANCERY.

"BYRON HORTON, *Complainant*, v. EDULIA SMITH PRICE, AND BAYARD R. PRICE, HER HUSBAND, AND ELIZABETH F. FANNING, *Defendants*.

"Entry of Appeal.

"And now come the defendants, by Giles J. Patterson and Milam & Milam, their solicitors and counsel, and apply for and enter their appeal * * * to the Supreme Court of the State of Florida, to be held at Tallahassee on the first Tuesday in April, A. D. 1918.

"*Milam & Milam, Giles J. Patterson,* Solicitors and Counsel."

There is in the record only one appealable order and that is the final decree. Necessarily then when the appellants appeal they appeal from the final decree, and while we would not be understood as giving approval to this form as a model, we hold it to be sufficient to give this court jurisdiction of the cause of action.

The motion to dismiss is therefore denied.

All concur.