80 So.2d 354 (1955)
SEABOARD AIR LINE RAILROAD COMPANY, Appellant,
v.
Henry M. HOLT, Appellee.
Supreme Court of Florida. En Banc.
May 11, 1955.
*355 Fowler, White, Gillen, Yancey & Humkey, Cody Fowler, Walter Humkey, Miami, and James E. Thompson, Tampa, for appellant.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for appellee.
HOBSON, Justice.
On October 29, 1954, we entered an order granting a motion to dismiss which was filed by counsel for appellee. In our per curiam order we stated: "The motion to dismiss the appeal must be granted under the principles laid down in Brown v. Louisville Fire & Marine Ins. Co., Fla. 1950, 47 So.2d 862, and Longo v. Alweiss, Fla. 1953, 65 So.2d 556; see also Green v. Fredericksen, 133 Fla. 429, 182 So. 785."
The precise question then, as now, presented for our determination is whether the notice of appeal filed in this case by appellant substantially complies with the form of notice of appeal which follows Rule 39 of the Supreme Court Rules, 30 F.S.A.
The notice of appeal filed in this case reads as follows:

"Notice of Appeal
"Notice is hereby given that Seaboard Air Line Railroad Company, defendant, hereby *356 appeals to the Supreme Court of Florida, from the final judgment entered in this action in favor of Henry M. Holt, on the 12th day of February, 1954.
 "Fowler, White, Gillen,
 Yancey & Humkey
 By: /s/ Walter Humkey 
 Attorneys for Defendant
 507 Biscayne Building
 Miami, Florida
"I hereby certify that a copy of the above and foregoing Notice of Appeal was delivered to the offices of Nichols, Gaither, Green, Frates & Beckham, Attorneys for Plaintiff, 448 Pan American Bank Building, Miami, Florida, this 10th day of April, 1954.
 "/s/ Anne S. Rudick"
It will be observed that the notice of appeal quoted from the transcript [p. 1559] does not carry a caption. However, the first exhibit in the transcript, namely, the complaint beginning on page 2, carries the caption in the following language:
 "In The Circuit Court Of The
 Eleventh Judicial Circuit In
 And For Dade County, Florida.
 At Law. No. 28787
 "Henry M. Holt, |
 Plaintiff, |
 v. |
 Seaboard Airline Railroad > Complaint
 Co., a corporation authorized |
 to do business in Florida, |
 Defendant." |
The caption thereafter throughout the transcript, as is customary, is omitted. We may assume, in the absence of a showing to the contrary, that the original notice of appeal did, as each other paper filed in the cause, carry the caption in substantially the same form as the one appearing on the transcript copy of the complaint.
The notice of appeal in the instant case specifically states that the appeal is taken "from the final judgment entered in this action in favor of Henry M. Holt * *." (Italics supplied.) It goes a step farther and gives the date of entry of "the final judgment" as "the 12th day of February, 1954." The record discloses that no final judgment was entered on the 12th day of February, 1954. The transcript of record, however, does show in the copy of the final judgment and elsewhere that the jury rendered its verdict on February 12, 1954.
Appellee contends that the notice of appeal in this case does not substantially comply with the form prescribed by the Supreme Court Rule, supra, in that it (1) does not state what court is appealed from, (2) does not state the date of any final judgment in the record and refers only to the jury verdict, (3) it does not state where any final judgment is recorded, (4) it does not state what, if anything, this court is asked to do, and (5) does not state who is supposed to take notice of the purported entry of appeal. The caption certainly shows the court from which the appeal was taken, and likewise the caption as well as the body of the notice of appeal shows that Henry M. Holt, the plaintiff, is the person who is supposed to take notice of the entry of the appeal. Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501.
With reference to the suggestion that the notice of appeal under consideration herein does not advise this court just what is expected of it, we need only say that the very purpose for which Florida's court of last resort was created refutes the imputation that said notice is fatally defective in this regard. This court was established for the purpose of providing an appellate court to review the orders, judgments or decrees of most of the inferior courts. The only reason any party to litigation could have in filing a notice of appeal would be to bring to this court for review a ruling of the trial court which said party considers to be erroneous.
The notice of appeal does not follow the prescribed form in that it fails correctly to state where the final judgment is recorded and does not state the correct date of the final judgment disclosed by this record.
*357 Counsel for appellee contend further that since no valid notice of appeal was filed within the time fixed for the filing of such a notice, this court lacks jurisdiction over the subject matter. We agree that if the notice of appeal is so defective as to fail substantially to comply with the prescribed form, the question presented may become one of jurisdiction in which event the fact that appellee's motion to dismiss was not filed within the time allowed by the Supreme Court Rules would be of no moment. Moreover, the notice of appeal cannot be amended after the expiration of the sixty day period allowed for taking an appeal.
It is obvious from a reading of the suggested form following Supreme Court Rule 39 that it need not be complied with down to the dotting of every "i" and the crossing of every "t". The form set forth in 30 F.S.A. page 157, is preceded by the following: "The Notice of Appeal may be substantially in the form following:" So it is we are squarely faced with the question whether the notice of appeal filed in this case is in substantial compliance with the prescribed form.
This court has ofttimes stated that the purpose of a notice of appeal is to disclose to the adverse party and the appellate court that an appeal from an appealable order, judgment or decree of the trial court is intended. We need only direct our attention to the failure of this notice of appeal to give the book and page number and the date of the final judgment reflected by the record. The record, however, does reflect only one appealable order, i.e., the final judgment, and the notice of appeal states unequivocally that the appeal is directed to "the final judgment entered in this action in favor of Henry M. Holt * * *". (Italics supplied.) The instant suit is a common law action and we have consistently held the only appealable order [with the exceptions noted in Sections 59.03, 59.04 and 59.05, Florida Statutes, 1953] in such a suit is the final judgment. We are persuaded to the view that we should return to the position taken by this court that statutes giving a right of appeal should be liberally construed in the interest of manifest justice. Price v. Horton, 76 Fla. 537, 80 So. 305; Rabinowitz v. Houk, supra. We are also convinced that forms suggested by statute or rules of court requiring only substantial compliance should be held to have been complied with if the purpose of the statute or rule has been accomplished. Price v. Horton, supra.
Appellee lays great stress upon the case of Green v. Fredericksen, 133 Fla. 429, 182 So. 785, and asserts that it is directly in point with, and should be controlling of, the question presented herein. It will be noted that the cited case was an equity suit and was decided at a time (July 13, 1938) when interlocutory orders and decrees of a chancery court, as well as final decrees, were appealable. Under such circumstances the failure to give the correct date of entry, and the specific chancery order book number and page of recordation of the order or decree sought to be appealed could cause one's adversary to be confused, if not misled, as to the exact order or decree appellant intended to present to this court for review. The present suit is a common law action wherein as aforestated the only appealable order is "the final judgment". For the foregoing reasons we consider the Green case distinguishable.
In the criminal case of Bell v. State, 154 Fla. 505, 18 So.2d 361, the notice of appeal simply stated that the defendant "hereby takes and enters this his appeal to the Supreme Court of Florida * * *." It was wholly insufficient to permit discovery with reasonable certainty of the order or judgment intended to be brought here for review. Patently there was no substantial compliance with the prescribed form in that case. In Longo v. Alweiss, Fla. 1953, 65 So.2d 556, the notice of appeal was likewise in loose and general language as follows: "The above named defendant, hereby gives notice that the above styled cause will be appealed to the Supreme Court of Florida as of this day." Here again the notice was obviously defective. Counsel for appellee have directed our attention to the decision in Douglas-Guardian Warehouse Corp. v. *358 Insurance Agents Finance Corp., Fla. 1950, 46 So.2d 169. The notice of appeal in that case showed clearly that the defendant attempted to take an appeal from an order which we have consistently held to be non-appealable, i.e., an order denying the defendant's motion for a new trial. Our ruling in that case was simply to the effect that the appeal should be dismissed because of the clear intention of perfecting an appeal to this court from an order which was not appealable. Compare Henderson v. Stevens, 1946, 157 Fla. 641, 26 So.2d 656. The attempted appeal in the case of Brown v. Louisville Fire & Marine Ins. Co., Fla. 1950, 47 So.2d 862, 863, a common law action was dismissed, but the notice of appeal in that case, as in the cases of Bell v. State, supra, and Longo v. Alweiss, supra, merely stated that the plaintiff "files this, his Notice of Appeal to ehs (sic) Supreme Court of Florida in the above styled cause and calls upon all parties hereto to take notice of this appeal". However, we did state in our opinion that the suit was dismissed because the notice failed to specify "the nature of the order, judgment or decree sought to be reviewed, when it was rendered, or where it is recorded." (Italics supplied.) We consider this case to be more nearly in point with the instant case than any other which has come to our attention.
The notice of appeal in the instant case does specifically state "the nature of the order, judgment or decree sought to be reviewed" which, even in a common law action, wherein the final judgment is the only appealable order, is indispensable because without such information it would be almost impossible for an adversary or this court to determine that an appeal from an appealable order, judgment or decree of the trial court was intended. Although we do not condone the failure of an attorney to carefully follow the simple prescribed form for a notice of appeal, we are not satisfied that his failure so to do should be declared fatal when from the notice of appeal which he does file the adverse party and this court are placed upon notice of the intention of the appellant to bring here for review, as in this case, a final judgment entered by the trial court in a common law action which appears from the record to be the only appealable order contained therein.
It goes without saying that if the notice of appeal contains the correct date, and the exact book and page or recordation of the order or judgment intended to be presented for review, the convenience of the adverse party and of the appellate court in readily locating such order or judgment is accommodated. But such information is not essential to discovery of the order or judgment intended to be presented for review in a common law action such as this wherein only one final judgment or appealable order appears in the transcript of record. We do not believe that the vital question of jurisdiction should turn upon the relatively unimportant matter of inconvenience to an adversary or to this court. The pivotal point is, as it should be, whether the notice of appeal is sufficient to effectuate its purpose.
In Brown v. Louisville Fire & Marine Ins. Co., supra, we stated, inter alia, that the date of rendition of the order or judgment appealed from should be specified in the notice of appeal so that the appellate court and the adverse party might determine, from an inspection of the notice, "that the appeal has been taken within the time prescribed by law." Upon further consideration, we do not believe this reasoning to be tenable, as applied to such a case as this, because of our holdings in Kent v. Marvin, Fla., 59 So.2d 791, and Redwing Carriers, Inc., v. Carter, Fla., 64 So.2d 557, that if a motion for new trial is made in a common law or criminal action within the time provided by law, the running of the time allowed for taking an appeal is tolled until such motion is disposed of by the trial court. Thus in a common law or criminal case a computation of time based upon the date of the judgment appealed from, stated in the notice of appeal, cannot be conclusive of whether or not the appeal has been seasonably taken.
We are persuaded that the ends of justice will be subserved by invocation of the basic principle found in the rule with *359 reference to a description of real property in a deed of conveyance, i.e., if by use of the description contained in a deed the property intended to be conveyed can be certainly and definitely located, such description is sufficient. We hold that if the notice of appeal gives to an adverse party and to the appellate court information by the use of which the order or judgment intended to be appealed can be discovered in the record with a reasonable degree of certainty, its purpose is accomplished and it should be held sufficient to withstand a motion to dismiss predicated upon failure strictly to comply with the prescribed form.
It is our considered judgment that the ruling made herein is sound, as well as just, and that this case is not controlled by any of the decisions heretofore cited. However, if any pronouncement which we have made in any of the cited cases could be taken as a precedent for holding the notice of appeal which was filed in this case to be fatally defective, we repudiate any such inference and expressly recede from such pronouncement. We have always entertained, and on several occasions have expressed the view that we should not tear down former decisions and lay anew the foundations of the law unless we are impelled to do so by strong and controlling considerations. If it should be thought that we are failing to follow any prior decision or decisions we can only say that after careful study we cannot permit an obvious inadvertence which prejudices no one to defeat the right of appeal and the determination of a cause upon its merits.
For the reasons stated herein we are convinced that the notice of appeal in this case complies substantially with the prescribed form. In the face of this ruling, it is quite clear that the question of jurisdiction is not involved. Consequently, we must take cognizance of the fact that counsel for appellee failed to file their motion to dismiss within the time prescribed by our rules, that is to say, counsel neglected to file the motion to dismiss within ten days after having received a copy of the transcript of record. We are, therefore, forced to conclude that the motion to dismiss must be denied, and the original opinion receded from.
It is so ordered.
DREW, C.J., and TERRELL, THOMAS and ROBERTS, JJ., concur.
SEBRING, J., dissents.
THORNAL, J., not participating.