GREENYA, Respondent, vs. RELIANCE SECURITY COMPANY, imp., Appellant.

*October 27—November 16, 1915.*

*Pleading: Action "against a corporation:" Complaint: Sufficiency: Foreclosure of mortgage: Claimant of subsequent lien: Disclaimer.*

1. Where, in an action to foreclose a mortgage, a security company was made a defendant on the sole ground that it had or claimed some interest or lien subsequent to the lien of the mortgage, the complaint was not demurrable merely because it failed to allege that the security company was a corporation. The action in such a case is not against the company within the meaning of sec. 3205, Stats., but notice of the foreclosure proceedings is merely given it because of its subsequent lien or claim.

2. If in such a case the security company has or claims no interest subsequent to the mortgage, it should disclaim and the suit should be dismissed as to it.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

W. C. *Seefeld,* for the appellant.

For the respondent the cause was submitted on the brief of *Julius O. Roehl.*

KERWIN, J.   The defendant *Reliance Security Company* appealed from an order overruling its demurrer to the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The action was brought to foreclose a mortgage executed by the defendants Theodore Schubring and Margaret Schubring, his wife, and the complaint alleges that said mortgagors conveyed said mortgaged property by warranty deed to the defendant Arthur Hoffmann subject to said mortgage, which said Hoffmann assumed and agreed to pay.   The complaint further alleges that the defendant *Reliance Security Company* had or claims to have some interest in or lien upon the mortgaged premises, which interest or lien, if any, accrued

subsequent to the lien of the mortgage. The complaint does not state that the defendant *Reliance Security Company* is a corporation. A notice of the object of the action was served upon the defendant *Reliance Security Company.*

The claim of the appellant is that the complaint is demurrable because it fails to state that the defendant last named is a corporation. Sec. 3205, Stats., provides:

"In an action by or against a corporation the complaint must aver that the plaintiff or defendant, as the case may be, is a corporation. If it was incorporated under any law of this state that fact must be averred; if it was not so incorporated an averment that it is a foreign corporation is sufficient. The complaint need not set forth or specially refer to any act or proceeding by or under which the corporation was made."

We do not think the instant case falls within the terms of the statute. This is not an action against a corporation within the meaning of the statute. No claim is made against the defendant *Reliance Security Company.* This defendant is simply given notice of the proceedings to foreclose a mortgage upon premises upon which it has or claims to have a lien subsequent to the lien of the plaintiff. It is wholly immaterial whether the defendant *Reliance Security Company* is a corporation or not. The cause of action stated is against the other defendants and no cause of action is stated or attempted to be stated against the defendant *Reliance Security Company.* Notice is given to said *Reliance Security Company* of the foreclosure proceedings because of its subsequent lien or claim on the premises involved.

If the *Reliance Security Company,* defendant, has or claims no interest subsequent to the mortgage of the plaintiff, it should disclaim and the suit should be dismissed as to it. *Gilchrist v. Foxen,* 95 Wis. 428, 70 N. W. 585; *Strobe v. Downer,* 13 Wis. 10.

*Carpenter v. McCord L. Co.* 107 Wis. 611, 83 N. W. 764, is relied upon by appellant. We think the case is distinguish-

able from the instant case. In that case the action was brought against the McCord Lumber Company and the Soper Lumber Company under the log lien statute, sec. 3329, to enforce a lien against logs owned by the McCord Lumber Company when the lien accrued and afterwards sawed into lumber and sold to the Soper Lumber Company. There was a joint demurrer by both defendants. The action was within the meaning of the statute against the McCord Lumber Company and the Soper Lumber Company, corporations.

*By the Court.*—The order appealed from is affirmed.