No. 9342.

No. 9450.

DOHERTY & COMPANY *v.* YOUNGBLUT.

DOHERTY & COMPANY *v.* STEELE, ET AL.

1. PRACTICE IN ERROR—*Motion to dismiss.* Evades a test of the merits, and ought not to be favored.

2. PARTNERSHIP—*When may appear in the action of another.* A partnership, and not its members, being made defendant below, may, without the individual members prosecute error.

3. *How Made Party.* By inserting the names of the partners in the title, with an averment of the partnership. To name the partnership as defendant, by its title, with an averment that it is composed of persons named, does not make the persons so named parties.

*Error to Morgan District Court, Hon. H. P. Burke, Judge.*

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

*Department 2.*

BARDWELL, HECOX, MCCOMB and STRONG, for plaintiffs in error.

PLATT ROGERS, PERRY D. ROSE, JOHN R. SMITH, WALTER S. COEN, MELVILLE & MELVILLE and HUBERT L. SHATTUCK, for defendants in error, in No. 9342.

CHARLES F. TEW, BARDWELL, HECOX, MCCOMB & STRONG, for plaintiffs in error.

PLATT ROGERS, PERRY D. ROSE and MELVILLE & MELVILLE, for defendants in error, in No. 9450.

Mr. Justice Denison delivered the opinion of the court.

THE defendants in error move to dismiss on several grounds.

The plaintiffs in error answer that defendants in error cannot do this, because they have already moved and failed, and the present grounds were available at the time of the former motion, and plaintiffs in error call attention to the fact that since the former motion they have expended large sums in the preparation and printing of abstracts and briefs. The defendants in error reply that the grounds of their motion are jurisdictional, and that this court cannot proceed under present conditions.

We think the position of plaintiffs in error is sound. A dismissal evades a test of the merits of the controversy and ought not to be favored. It is a favor to permit successive motions to dismiss on grounds available at former motions.

Since a determination of some of the questions raised on this motion may be necessary to enable plaintiffs in error to amend, we notice them.

We think it competent for a partnership, made a party as such below, to proceed by error here. By the proceedings below Henry L. Doherty and Company, the partnership, and not its individual members, was made defendant, consequently the partnership without the individual members may proceed in error. The proper way to make parties of the individual members of a partnership is to name them in the title, and then, in the introductory part of the complaint, state that they are partners under the firm name and style of ――――――――.

To name, as in the present case, the partnership in the title by its firm name followed by the words "a partnership composed of Henry L. Doherty, Frank W. Freauff and Charles T. Brown," does not make the partners parties; nor does the statement in the complaint "That Henry L. Doherty and Company is now and at all times hereinafter mentioned was a co-partnership composed of" *etc.*   *   *   *

We think the title on error should name all the parties both plaintiff and defendant in error.

The general, fundamental rule as to plaintiffs on error is not different from that below. Those who are to be affected by the result should be before the court.

No question is made on jurisdiction except on the ground of lack of proper parties.

With these suggestions in mind the plaintiffs in error may amend their proceedings as they may be advised.

The motion to dismiss is denied.

Garrigues C. J. and Scott, J. concur.