## No. 10,957.

## BURKE *v.* BOULDER MILLING & ELEVATOR CO., ET AL.

Decided October 6, 1924.

On motion to dismiss writ of error.

*Motion Denied.*

1. APPEAL AND ERROR—*Dismissal of Writ.* A dismissal evades a test of the merits of a controversy and ought not to be favored.

2. *Parties.* Parties who are to be affected by the result of a review should be before the court.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Mr. O. A. JOHNSON, Mr. GUY D. DUNCAN, for plaintiff in error.

Mr. T. A. McHARG, Messrs. BARTELS & BLOOD, for defendants in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE plaintiff brought suit in replevin to recover the possession of a quantity of wheat, making the Boulder Milling & Elevator Company, hereinafter designated as the Milling Company, and C. W. Rowland, defendants, and under a writ of replevin issued in the case, took possession of the wheat and afterwards disposed of the same. The Colorado National Bank intervened in the action, claiming the wheat from both plaintiff and defendants. The Milling Company, by separate pleadings, answered the complaint and the petition in intervention. The intervener replied to the answer of the Milling Company, and the plaintiff answered the petition in intervention. After the commencement of the action, the Milling Company became bankrupt, and H.

H. Healy, trustee in bankruptcy of the Milling Company, was substituted as defendant, for the company.

During the trial, the case was dismissed as to Rowland. At the conclusion of the plaintiff's testimony, the intervener (the bank), and defendant Healy, trustee, made separate motions for nonsuit, which were granted, the court holding that the title to the wheat had passed from plaintiff to defendant Milling Company, upon the sale thereof made by plaintiff to the company, and the plaintiff could not therefore maintain the action against the Milling Company, or Healy, the Trustee. The court rendered judgment in favor of defendant Healy, and against the plaintiff, for costs.

As between the intervener and Healy, trustee, the court found in favor of the intervener, and rendered judgment on the pleadings against Healy in favor of the intervener, and rendered judgment in favor of the intervener against the plaintiff, for the sum of seven hundred sixty dollars, the value of the wheat taken.

From the findings and judgment of the court the plaintiff sued out this writ of error, and applied for and obtained a supersedeas. The defendant Healy has not been in any way made a party in the cause in this court, and there is no assignment of error by plaintiff based upon the ruling of the court in sustaining Healy's motion for nonsuit.

The intervener, defendant in error, now moves that the writ of supersedeas issued herein be dissolved, and that the writ of error issued herein be dismissed upon the grounds: (1) That Healy is not a party to this cause in this court; and (2) that the ruling of the court sustaining his motion for a nonsuit is not assigned as error.

When the court sustained Healy's motion for nonsuit, it adjudicated and determined that plaintiff was not the owner of the wheat, but that title thereto was vested in the Milling Company. Thereafter, the court found and determined that as between the intervener and the defendant Healy, the wheat belonged to the intervener, and on mo-

tion of the intervener, rendered judgment in its favor against the plaintiff for the value.

If this case should be reversed and sent back for another trial, there must of necessity be a re-trial of the issues between the plaintiff and the Milling Company, represented by the trustee, Healy.

It follows that Healy is a necessary party in this case in this court, but plaintiff in error in his brief urges that, if we reach the conclusion that Healy is a necessary party here, then he should be allowed to amend his writ of error accordingly, and as to him, make such further assignments of error as may be necessary.

This Court has held that, "A dismissal evades a test of the merits of the controversy and ought not to be favored. * * * Since a determination of some of the questions raised on this motion may be necessary to enable plaintiffs in error to amend, we notice them. * * * We think the title on error should name all the parties both plaintiff and defendant in error. * * * Those who are to be affected by the result should be before the Court." *Doherty & Co. v. Youngblut,* 66 Colo. 594, 185 Pac. 257.

Rowland is not a necessary party. The plaintiff in error may amend, by making the defendant Healy a party in this cause, and cause process to be served upon him. He may file supplemental assignments so far as they may affect the defendant Healy.

The motion to dismiss is denied.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON not participating.