BIG BAY REALTY COMPANY, Respondent, vs. ROSENBERG and others, Appellants.

*May 9—June 6, 1933.*

34

*William E. Burke* of Milwaukee, for the appellants.

*Corrigan, Backus, Ruppa, Bortin & Backus* of Milwaukee, for the respondent.

FOWLER, J. The complaint alleges the execution by plaintiff to I. J. Rosenberg, hereinafter referred to as the defendant, of a land contract by which plaintiff agreed to convey a large tract of suburban property to the defendant upon full payment therefor and the defendant agreed to make payments in instalments. Defaults in payment by the vendee and defaults in numerous other particulars are alleged. The prayer of the complaint is for judgment of specific performance. The defendants demurred jointly to the complaint on the ground of insufficiency of facts to state a cause of action against them or either or any of them. The trial court overruled the demurrer, and the defendants appeal from the order. The plaintiff moves to affirm the order on the ground that "it appears from mere inspection of the complaint that a cause of action is stated."

The case was filed in this court on April 26, 1933. The appeal would not regularly be reached for argument until sometime during the next term of the court. The respondent claims that the appeal was manifestly taken solely for the purpose of delay, and, in order to thwart this purpose and secure immediate disposition of the case in this court, moves to affirm the judgment and for double costs, following the practice approved in *Strange v. Harwood,* 172 Wis. 24, 177 N. W. 862. We consider that the record amply justifies the motion.

The defendant urges in support of his demurrer that the remedy of specific performance is discretionary and that the complaint shows that it would be inequitable to apply that remedy; and that the complaint shows that by the contract in suit the parties agreed that in case of default the vendor might sue at law to recover the amount due or terminate the contract and retain all of the money paid by the vendee. This does not at all affect the proposition that the complaint states a cause of action against the defendant. If the court should deny specific performance, the plaintiff on the allegations of the complaint would be entitled to relief, either the relief ordinarily granted on foreclosure of a land contract, or for recovery of the amounts of the defendant's defaulted payments. Sec. 263.07, Stats., provides that:

"In case of a general demurrer to a complaint, if upon the facts stated . . . plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress." *Fisher v. Goodman,* 205 Wis. 286, 237 N. W. 93.

The defendants also assert in support of the demurrer that the complaint shows that the plaintiff's title is not marketable because of a paragraph therein to the effect that a quitclaim deed to plaintiff's predecessor in title was executed and recorded subsequent to the execution and recording of the contract in suit for the purpose of quieting title in the plaintiff and that the grantee has no interest in the premises. Manifestly, under this allegation such interest if any as the quitclaim deed conveyed inured to the benefit of the plaintiff. Moreover, allegations of the complaint show that the contract provided for presentment to defendant within a reasonable time of an abstract of title of the premises covered by the contract, and that objections thereto if any the defendant had should be made within ten days, and the plaintiff would thereupon remedy the same as suggested

by the defendant or declare the contract void and refund all payments made, and that if no objections were made within the ten days the defendant should "be deemed satisfied with the title as shown by" the abstract. The complaint shows that part of the premises have since been conveyed by plaintiff to defendant and conveyances thereof accepted by the defendant. The complaint also alleges that the plaintiff has done all things of it required to be done by the said contract and that it is able to convey title to the premises so there will be a full and complete performance of its contract and that it has filed with the court a deed for delivery to defendant in full compliance with the terms of its contract. Under these allegations it is manifest that the suggestion of defective title is entirely without merit.

We have only discussed whether the complaint states a cause of action against the defendant I. J. Rosenberg. As the demurrer is joint it must be sustained if a cause of action be stated against any of the defendants. 49 Corp. Jur. p. 434. We will say in passing, however, that no relief is claimed against the other defendants, except that the wife of I. J. Rosenberg be adjudged barred of claim of dower if any she makes and that the other defendants be barred of all claims adverse to the plaintiff if any they make, and that taking the allegations of the complaint as a whole it appears that the plaintiff is entitled to the relief demanded against each. If such parties in fact make no claim, they should file disclaimers, rather than demur. *Greenya v. Reliance Security Co.* 161 Wis. 483, 154 N. W. 972.

Under the statute cited the demurrer is frivolous and the appeal is frivolous. The respondent may have double costs under sec. 271.37, Stats.

*By the Court.*—The order of the circuit court is affirmed, with double costs to the respondent. The clerk is directed to return the record forthwith to the clerk of the circuit court for Milwaukee county.