PHILIPSKY, Respondent, vs. SCHEFLOW & MONAHAN, Copartners, imp., Appellant.

*September 9—November 5, 1935.*

314

For the appellant the cause was submitted on the brief of *Stephens, Sletteland, Sutherland & Cannon* of Madison.

For the respondent there was a brief by *A. W. Prehn* of Wausau, and *Paul A. Hemmy, Jr.,* and *Eugene A. Clifford,* both of Juneau, and oral argument by *Mr. Hemmy* and *Mr. Clifford.*

FRITZ, J. Plaintiff seeks to recover damages from the defendants for injuries sustained by him as the result of the negligent operation of an automobile by the defendant Zarling. The defendant copartnership, doing business under the name of "Scheflow & Monahan," and sued herein only by attempted service on it as an entity under that name, demurred to the complaint on the ground that "it fails to state

facts sufficient to constitute a cause of action against said partnership."

The allegations in the complaint which are involved in passing upon that demurrer are that the plaintiff was an employee of E. M. Scheflow; that the latter and one Monahan were copartners who did business under the firm name of Scheflow & Monahan; that they were the owners of an automobile truck which on June 28, 1930, was "used by said E. M. Scheflow in and about his business;" that the defendant Zarling was employed by E. M. Scheflow as the driver of the truck; that on June 28, 1930, "while the said truck was being operated by Lloyd Zarling, as an agent and employee of E. M. Scheflow in and about the business of said E. M. Scheflow and within the scope and course of his employment, and while the plaintiff was an occupant of said automobile truck, which was then and there being operated by said defendant, Lloyd Zarling, on the main street . . . plaintiff received . . . injuries . . . when the said defendant, Lloyd Zarling, without notice or warning to plaintiff, suddenly started said truck in motion, which caused the plaintiff to be violently and forcibly thrown from said truck to the pavement;" and that plaintiff's injuries "were caused solely by reason of the negligence of the defendant, Lloyd Zarling," in operating the truck. Thus it appears under those allegations that, although the copartnership of Scheflow & Monahan owned the truck, the injury to plaintiff was sustained by him at a time when that truck was being used solely in and about the business of E. M. Scheflow as an individual, and was being operated in and about that individual's business by Zarling as an agent and employee of Scheflow, and within the scope and course of such employment by Scheflow. Under those circumstances, as it appears that the truck was neither being used then by the partnership, nor in or about its business by any of its agents or employees acting within the

scope or course of employment by the partnership, there is no allegation whatsoever disclosing that there is liability on the part of the partnership or Monahan for Zarling's negligent operation of the truck. Although the mere fact that the partnership owned the truck would, in the absence of any evidence to the contrary, admit of a presumption that it was being operated and used by an agent of the owners in the pursuit of their business (*Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018), that presumption "exhausts its purpose and disappears" (*Philip v. Schlager,* 214 Wis. 370, 376, 253 N. W. 394), because of the allegations in plaintiff's complaint which expressly and unequivocally disclose that, at the time of plaintiff's injury, Zarling, as an employee of E. M. Scheflow individually, and in the course and scope of that employment, was operating the truck in and about the individual business of E. M. Scheflow. In view of the facts thus alleged in the complaint, it does not appear by any reasonable inference that Zarling was operating the truck, at the time of the plaintiff's injury, as an agent or employee of the partnership, or that the truck was then being used by the partnership or in pursuit of its business. There is, therefore, no cause of action alleged on which the defendant partnership or the partner Monahan can be deemed liable in any respect for plaintiff's injury, and the trial court erred in overruling the demurrer filed on the ground that the complaint fails to state sufficient facts to constitute a cause of action against the partnership which plaintiff had elected to sue and serve solely as an entity.

The trial court's order cannot be sustained under the rule that, in the case of a joint demurrer by two or more defendants on the ground of insufficiency of the complaint, the demurrer must be overruled if the complaint states a cause of action against any of those defendants (*Big Bay Realty Co. v. Rosenberg,* 212 Wis. 33, 248 N. W. 782; 49 C. J. p. 434); and no such ground for sustaining that order has been suggested by either that court or plaintiff's counsel.

This action has not been instituted by the plaintiff against E. M. Scheflow and F. L. Monahan, personally, as parties defendant. On the contrary, plaintiff has neither named nor served either of those persons as a party defendant. Instead, plaintiff has deliberately chosen to make the partnership, as an entity, a defendant, and has attempted to obtain service on that entity solely by the service of a copy of his summons and complaint on the secretary of state (apparently on the theory that the latter could be deemed the partnership's authorized representative for that purpose by virtue of sec. 262.09 (14), Stats.). Although, thus to sue the partnership as an entity solely under the name under which it does business, is contrary to the usual practice of joining and serving each partner (if known to the plaintiff) individually as a party defendant, secs. 286.04 (2) and 260.21 (2), Stats., recognize that under certain circumstances a partnership may be sued in that manner. Thus it is provided in sec. 286.04 (2), Stats., that ". . . any common-law partnership doing business in this state, may be sued upon causes of action arising out of any business done in this state and the action against the same prosecuted to judgment in the courts of this state, and the collection of any judgment rendered against the same may be enforced in the name under which such . . . partnership does business in this state." Sec. 260.21 (2), Stats., authorizes the institution of an action against a partnership in the partnership name where the names of the partners are unknown and until they are ascertained.

At all events, this court has adopted the rule that "bringing the action in the firm name does not render the judgment void, but is a mere defect or irregularity, which is waived unless due objection is made thereto." *Frisk v. Reigelman*, 75 Wis. 499, 506, 43 N. W. 1117, 44 N. W. 766, citing *Bennett v. Child*, 19 Wis. * 362. See also *Schweppe v. Wellauer*, 76 Wis. 19, 45 N. W. 17. Consequently, as under those statutes and decisions the institution of an action against a partnership in its firm name is permissible in the first in-

stance, there is applicable the rule applied in other jurisdictions where such actions against a partnership by its firm name are similarly authorized, that "an action against a certain named firm as a partnership composed of certain named persons is an action against the partnership, and not against the individuals." 47 C. J. p. 955, citing *Williams v. Hurley,* 135 Ala. 319, 33 So. 159; *Baldridge v. Eason,* 99 Ala. 516, 13 So. 74; *Wyman v. Stewart,* 42 Ala. 163; *Kilgore & Son v. Shannon & Co.* 6 Ala. App. 537, 60 So. 520; *Doherty Co. v. Youngblut,* 66 Colo. 594, 185 Pac. 257; *Winters v. Means,* 50 Neb. 209, 69 N. W. 753.

Consequently, as the plaintiff herein has chosen to make the partnership entity a party defendant and to sue it in the name under which it does business, instead of joining and suing each of the partners as a party defendant, and as he has not attempted to serve either of the partners as such an individual defendant, the demurrer filed on behalf of that entity on the ground that the complaint "fails to state facts sufficient to constitute a cause of action against said partnership," should not be deemed a joint demurrer by the individual partners. On the contrary, it is the demurrer of solely one party defendant, *i. e.,* the partnership, which the plaintiff has himself elected to treat and sue herein as an entity. Since the plaintiff has never made either of the individual partners a party defendant or accepted him as such, until he does elect to treat them as parties defendant, or they are made parties herein as individuals, by an order of the court, they should not be deemed such parties merely because their individual names appear on the typewritten demurrer opposite the frame in which the title of the action is stated on that document.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining the demurrer.

FOWLER, J. (*dissenting*). The complaint alleges that Zarling was employed by Scheflow; that E. M. Scheflow and

"one Monahan were copartners, doing business under the firm name of Scheflow & Monahan," and owned a truck which was used by Scheflow "in and about his business;" that Zarling was employed by Scheflow as the driver of said truck; and that plaintiff was injured by the negligence of Zarling in suddenly starting the truck while the plaintiff was getting upon it. A demurrer in the form following was interposed:

"Now *come the above named defendants* and demur to the complaint of the plaintiff on the ground that it fails to state facts sufficient to constitute a cause of action against said partnership."

It is headed: "Demurrer of E. M. Scheflow and F. S. Monahan, copartners doing business under the firm name and style of Scheflow & Monahan."

The complaint does not state a case against the defendants as partners, because it negatives that the truck was engaged in the partnership business when the plaintiff's injuries were inflicted. It therefore does not state a case against Monahan, but it does state one against Scheflow. Had Monahan demurred because the complaint did not state a cause of action against him, it plainly should have been sustained. But a partnership is not a legal entity distinct from the individuals comprising it. It is not a person, either legal or natural. 47 C. J. p. 747, and cases cited. Not being a person or a legal entity, it is not the party to the suit. The parties to the suit are the individual defendants constituting the partnership. Only the parties to the suit can demur. Not being a party to the suit, the partnership as such cannot enter a demurrer.

This is so upon reason, and it is so under the statute. The statute does not permit such a demurrer. The ground of demurrer invoked is laid by sec. 263.06 (6), Stats., which is "that the complaint does not state facts sufficient to constitute a cause of action." This complaint does state a cause of ac-

tion. It states a cause of action against the defendant E. M. Scheflow. When there are two or more defendants, they may demur either separately or jointly. Here they demur jointly. In case of a joint demurrer for insufficiency of a complaint, if the complaint states a cause of action against any one of the defendants, the complaint must be sustained and the demurrer overruled. 3 Bryant, Wis. Pl. & Pr. (2d ed.) p. 131. The following decisions there cited support the text: *Webster v. Tibbits,* 19 Wis. * 438; *Willard v. Reas,* 26 Wis. 540; *McGonigal v. Colter,* 32 Wis. 614; *American Button Hole, O. & S. Mach. Co. v. Gurnee,* 44 Wis. 49; *Mark Paine Lumber Co. v. Douglas County Improvement Co.* 94 Wis. 322, 68 N. W. 1013; *Boyd v. Mutual Fire Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171; *Bannen v. Kindling,* 142 Wis. 613, 126 N. W. 5; *St. Croix Timber Co. v. Joseph,* 142 Wis. 55, 124 N. W. 1049; *Iverson v. Union Free High School Dist.* 186 Wis. 342, 202 N. W. 788. To these may be added *Big Bay Realty Co. v. Rosenberg,* 212 Wis. 33, 248 N. W. 782, and *Thomsen v. Olson, ante,* p. 145, 262 N. W. 601.

It is true that the complaint goes upon the theory that the partnership is liable, but its sufficiency, when attacked by general demurrer, does not depend upon the theory of the pleader, but on whether it states facts entitling the *plaintiff* to any relief. This rule is stated in a multitude of decisions of this court. 5 Callaghan's Wis. Dig. pp. 4263, 4264. When this rule is considered in connection with the rule as to joint demurrers above stated, it means that whether the complaint states a cause of action depends on whether it states a cause of action against any defendant. This follows from sec. 263.07, Stats., which reads:

"In case of a general demurrer to a complaint, if upon the facts stated . . . plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in har-

mony with the prayer or not, it shall be sufficient for such redress."

By the term "general demurrer" in this statute is meant, of course, one grounded on insufficiency of facts. The statute is directed to demurrers on that ground. The decisions rendered since its enactment in 1911 so treat the term. *Nelson v. Eau Claire,* 175 Wis. 387, 389, 185 N. W. 168; *Lewko v. Chas. A. Krause Milling Co.* 179 Wis. 83, 86, 190 N. W. 924; *Young v. Juneau County,* 192 Wis. 646, 655, 212 N. W. 295. This is so independent of the statute, as appears from the decisions of the court rendered prior to its enactment. *Bronson v. Markey,* 53 Wis. 98, 100, 10 N. W. 166; *State ex rel. Cornish v. Tuttle,* 53 Wis. 45, 52, 9 N. W. 791; *Cummings v. Town of Lake Realty Co.* 86 Wis. 382, 384, 57 N. W. 43. The complaint is sufficient to show that the plaintiff is entitled to redress against Scheflow, and should be upheld under the statute, although relief against him as an individual independent of the partnership is not expressly demanded in the prayer of the complaint.

It may further be said that, were a partnership to be considered as an entity, as the decisions in a few jurisdictions (see 47 C. J., *supra*), contrary to the overwhelming weight of authority, seem to hold, so as to be entitled to demur as a person or party defendant, the form of the demurrer here interposed was interposed by the defendants as individuals. The form is "Now come the above named defendants," and the "above named defendants" are "E. M. Scheflow and F. S. Monahan." Having so pleaded, the rule as to joint demurrers above stated is applicable.

For the reasons stated, I am of opinion that the order of the circuit court should be affirmed.

I am authorized to state that Mr. Justice FAIRCHILD and Mr. Justice WICKHEM concur in this dissent.