Masino, Appellant, vs. Sechrest, Respondent.

*October 8—November 9, 1954.*

For the appellant there was a brief by *Arthur, Dewa, Nestingen & Tomlinson* of Madison, and oral argument by *Ray A. Tomlinson.*

For the respondent there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman.*

FAIRCHILD, C. J. This case came on for trial below and was submitted and argued here in connection with the appeal of *Masino v. Sechrest,* ante, p. 101, 66 N. W. (2d) 740. Here the appellant, in his first cause of action, attempts to allege facts of wrongful conduct on his sister's part which would raise a constructive trust. The facts alleged, at most, must be interpreted to mean that appellant and respondent are brother and sister, and that appellant had the legal title to certain land purchased by him put in his sister's name. There is nothing to suggest any fraudulent inducement by his sister to cause him to have the property transferred in the manner in which it was transferred, nor is there any allegation of facts or circumstances "instinct with an obligation" on her with respect to constructive trust. The facts alleged do no more than show what is at common law a purchase-money resulting trust, which is inoperative in this state because of sec. 231.07, Stats., for "It is only the common-

law trust for the benefit of an individual from whom the consideration for a grant issues, and resulting from the fact of payment of the consideration, and having no other foundation, that the statute abolishes." *Carr v. Carr,* 52 N. Y. 251, 260.

A reading of the complaint shows no facts which may be described as "essential extrinsic equities" necessary to constitute a constructive trust. There is nothing in the way of circumstances that may be used to establish the holder of the title as a constructive trustee. There must be more than a transfer of property. There is no claim of a promise in words, and none arises from the set of circumstances pleaded, to show an obligation assumed by respondent. The first alleged cause of action does not, therefore, plead a lawful or equitable resulting trust nor a constructive trust, and the dismissal of the complaint as to the first cause of action must be affirmed.

As to the second cause of action, we are of the opinion that the statement is deficient in that it does not advise the court or the opposing party as to what contract or set of circumstances the plaintiff bases his claim that the deed should be declared to be a mortgage. The allegations do not show that plaintiff borrowed any money from his sister. We are of the opinion that the objection raised as to the sufficiency of this second cause of action was properly sustained by the court below.

The court was required to determine the nature of the causes of action intended to be set forth, and for that purpose material allegations must be presented. The complaint is required to state in plain and concise language the ultimate facts constituting a cause of action, sec. 263.03 (2), Stats. The rulings of the trial court referred to herein are sustained because of the defectiveness of the pleading, and the order granting plaintiff the opportunity to plead over was all that he was entitled to under the circumstances.

*By the Court.*—Judgment appealed from vacated, and order granting leave to plead over modified so as to extend the time for plaintiff to serve and file an amended complaint within twenty days after the filing of the remittitur from this court. Respondent is to have her costs.