Martin, C. J.
 

 After identification of the parties, it is alleged in the amended complaint:
 

 “3. That during the month of September, 1958, agents of the defendant approached the plaintiffs and recommended and sold to the plaintiffs a thermostatic fan system for their furnace.
 

 “4. That the plaintiffs, in accepting and purchasing said thermostatic fan system, relied on the judgment of the employees and agents of the defendant, Holland Furnace Company.
 

 “5. That on several occasions, the plaintiffs called the defendant and requested that they come out and fix said thermostatic fan system as it was not operating properly.
 

 “6.
 
 That on November 29, 1958, a fire started in the home of the plaintiffs, causing severe damage to the home and to the contents therein.
 

 “7.
 
 That the above-described fire was proximately caused by the defective thermostatic fan control which was sold to
 
 *153
 
 the plaintiffs by the defendant and installed by said defendant.”
 

 Plaintiffs further allege that they suffered certain damages by reason of the fire, demanding judgment therefor in the sum of $3,500.
 

 It is plaintiffs’ contention that the complaint states a cause of action based on implied warranty. Sec. 121.15 (1), Stats., provides:
 

 “Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller’s skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose.”
 

 The complaint leaves much to be desired in preciseness and continuity, but under the rule of liberal construction, sec. 263.27, Stats., it is our opinion that it states a cause of action and sufficiently apprises the defendant of what it must meet in defending the action.
 

 The allegations set forth in paragraphs 3 and 4 meet the specifications of sec. 121.15 (1), Stats. Defendant’s agents “recommended” the thermostatic fan system for the plaintiffs’ furnace. Such recommendation was an implied warranty that the system would be reasonably fit for the purpose it was intended to serve, and plaintiffs relied on the seller’s judgment in purchasing it.
 

 In paragraph 5 there is the allegation that the system did not work properly and plaintiffs advised defendant thereof, requesting that it be fixed. Thereafter the fire occurred which is alleged to have been proximately caused by the “defective thermostatic fan control.”
 

 In
 
 Milwaukee Tank Works v. Metals Coating Co.
 
 (1928), 196 Wis. 191, 192, 193, 218 N. W. 835, Anno. 68
 
 *154
 
 A. L. R. (2d) 860, this court dealt with the distinction between the manufacture or supply of “an article to satisfy a required purpose” and the manufacture or supply of “a specified, described, and defined article,” calling attention to the rule that in the former case there may be an implied warranty while in the latter there is none. It was held that the device there in question, being “a complicated and delicately adjusted mechanism which was procured to accomplish a definite purpose which was known to both parties,” was such as carried an implied warranty. Likewise, in this case, it must be observed that the thermostatic fan system was purchased by plaintiffs from the defendant to accomplish a purpose known to both parties, and that it was a complicated device which an unskilled person could not be required to ascertain by mere inspection whether it would serve such purpose.
 

 The basic requirement in pleading facts constituting a cause of action is that the complaint give to the other party notice of what is claimed. See
 
 Masino v. Sechrest
 
 (1954), 268 Wis. 112, 66 N. W. (2d) 745. The defendant recommended, sold, and installed the fan system. There was an implied warranty that the system would serve the purpose for which it was intended, and plaintiffs relied thereon. The system did not work properly and defendant was advised thereof. The ensuing fire is alleged to have been caused by the defective thermostatic fan control. While the allegation that the control was defective is a conclusion and it would have been more informative to set forth the respects in which the claimed defect manifested itself, the allegations of the complaint are deemed sufficient to inform the defendant of what it is called upon to meet.
 

 Defendant contends the complaint is defective in failing to allege installation of the system by an agent, servant, or employee of defendant, citing
 
 Philipsky v. Scheflow & Monahan
 
 (1935), 219 Wis. 313, 263 N. W. 171. The action there
 
 *155
 
 was against the defendant partnership. It was alleged in the complaint that at the time of injury the truck was being-used solely in the business of one of the partners, individually, and was being operated by an employee of the individual partner. This court held the complaint did not state a cause of action against the partnership. Obviously, the case is not in point.
 

 Defendant-respondent has appended to its brief a copy of a purported sales contract between the parties and has made an argument based thereon. Counsel well knows this is highly improper, since it is no part of the record on demurrer, and any future indulgence in such practices will evoke more than a reprimand from this court.
 

 By the Court.
 
 — Order reversed, and cause remanded with directions to overrule the demurrer.